NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 241349-U

NOS. 4-24-1349, 4-24-1350 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 16, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|       v. | ) | Sangamon County |
| DELVON PEOPLES, | ) | Nos. 22CF554 |
|     Defendant-Appellant. | ) |     22CF1211 |
| | ) | |
| | ) | Honorable |
| | ) | Adam Giganti, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices DeArmond and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, concluding (1) defendant's arguments regarding the timeliness of the State's petition to deny pretrial release and the detention hearing were waived and neither the plain error doctrine nor ineffective assistance of counsel applied and (2) the circuit court did not abuse its discretion in finding no condition or combination of conditions could mitigate any threat defendant posed.

¶ 2    Defendant, Delvon Peoples, appeals the Sangamon County circuit court's order denying him pretrial release pursuant to section 110.6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)), hereinafter as amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). On appeal, defendant contends the order denying him pretrial release should be vacated because (1) the State failed to timely file its petition to deny pretrial release, (2) the court failed to hold a timely detention hearing, and (3) the State failed to prove less restrictive conditions would not mitigate any threat defendant posed. We affirm.

¶ 3                              I. BACKGROUND

¶ 4        On June 8, 2022, the State charged defendant, in Sangamon County case No.
22-CF-554, with being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2022)), unlawful
possession of a weapon by a felon (UPWF) (*id.* § 24-1.1(a)), possession of a weapon without a
firearm owner's identification card (430 ILCS 65/2(a)(1) (West 2022)), and aggravated unlawful
use of a weapon (720 ILCS 5/24-1.6(a)(2) (West 2022)). In December 2022, while on bond for
these offenses, the circuit court issued a warrant for defendant's arrest, based on new charges, in
Sangamon County case No. 22-CF-1211, of being an armed habitual criminal (*id.* § 24-1.7(a)),
UPWF (*id.* § 24-1.1(a)), cannabis trafficking (720 ILCS 550/5.1(a) (West 2022)), and manufacture
or delivery of cannabis (*id.* § 5(e)). The warrant had a cash bond set at $500,000 (10% to apply).
After this warrant was issued, defendant failed to appear at a January 2023 court date in case No.
22-CF-554. Consequently, another warrant was issued for defendant's arrest, with cash bond set
at $500,000 (10% to apply).

¶ 5        Defendant was arrested by the United States Marshals Service on August 13, 2024,
and appeared in court on the two warrants that same day. The circuit court appointed counsel for
defendant in case No. 22-CF-1211 (defendant was previously appointed counsel in case No.
22-CF-554) and continued both cases to August 19. A docket entry shows the cases were continued
on defendant's motion from August 19 to August 23. (We note the record on appeal does not
contain transcripts for the August 13, August 19, August 23, or September 12 court appearances.)

¶ 6        On August 23, 2024, the State filed verified petitions to deny defendant pretrial
release in both case No. 22-CF-554 and case No. 22-CF-1211, pursuant to section 110-6.1 of the
Code (725 ILCS 5/110-6.1 (West 2022)). In case No. 22-CF-554, the State alleged "defendant's
pretrial release poses a real and present threat to the safety of any person or persons or the

community." In case No. 22-CF-1211, the State alleged defendant posed a real and present threat and defendant had "a high likelihood of willful flight to avoid prosecution." That same day, defense counsel filed a motion for substitution of judge in both cases. The docket entry from August 23 states, in pertinent part, "Defendant's Motion to Substitute Judge as a matter of right is granted without objection. *** Cause set for Preliminary Hearing on [September 12, 2024]."

¶ 7        Defense counsel then filed a "Motion to Reconsider Pretrial Detention" on September 10, 2024, which cited section 110-7.5 of the Code (*id.* § 7.5). The motion contended defendant was not eligible for pretrial detention under either the dangerousness standard or the willful flight standard and did not pose a real and present threat to the safety of any persons or the community. The prayer for relief requested the circuit court release defendant from pretrial detention.

¶ 8        The docket entry from September 12, 2024, indicates defendant's cases were continued on defendant's motion to the next day. On September 13, the circuit court held a pretrial detention hearing. Before hearing arguments from the parties, the following exchange occurred between the court and defense counsel:

"THE COURT: [Defendant] has a cash bond set in both of these cases, is that right?

[DEFENSE COUNSEL]: He did, Judge.

THE COURT: Okay.

[DEFENSE COUNSEL]: He elected to enter the [Act]."

The court then confirmed with defendant he wished to proceed with a detention hearing pursuant to the Act. Defendant confirmed this was his request. Following the colloquy between the court and defendant, there was some discussion between the court and defense counsel about the

possibility of a motion to reduce bond if defendant elected to keep his previously set cash bond. The court took a recess to allow defense counsel to confer with defendant. When the court recalled defendant's cases, the State indicated it planned to move forward with its previously filed verified petitions to deny defendant pretrial release, regardless of whether defendant wished to be subject to the Act. Even after this declaration by the State, defense counsel reiterated defendant wished to "elect into the [Act]" and have a detention hearing. The court again confirmed this was defendant's desire. After confirming this with defendant, the court proceeded to a detention hearing.

¶ 9        Before beginning its argument, the State proffered the factual basis for defendant's arrest in each case. In case No. 22-CF-554, officers executed a search warrant on defendant's vehicle in April 2022. During the search of defendant's vehicle, officers located a firearm, which was sent to the Illinois State Police Crime Lab for testing. DNA test results indicated "there was very strong support for the proposition that *** Defendant was a contributor to the DNA profile" located on the firearm's grip, trigger releases, and magazine. Seven months later, in November 2022, officers received a tip that a large amount of cannabis was delivered to defendant's home. Officers then executed a search warrant on defendant's home and located a significant amount of cannabis and a firearm. Defendant was not home at the time, and a warrant was subsequently issued for his arrest. However, defendant was not arrested until August 2024. Defendant's prior history included two convictions for manufacture or delivery of a controlled substance. According to the State, defendant posed a clear and present threat to the community and no conditions, such as electronic monitoring, could be imposed to mitigate that threat because (1) defendant committed the offense in case No. 22-CF-1211 while on bond in case No. 22-CF-554 and (2) defendant possessed a firearm on two separate occasions while he was prohibited from doing so, based on his status as a convicted felon.

¶ 10        In response, defense counsel noted defendant was attending court appearances in case No. 22-CF-554 while on bond. Additionally, defense counsel proffered a private investigator determined the firearm located in defendant's vehicle (in case No. 22-CF-554) belonged to an individual named Neco Webster. Webster spoke with the private investigator and acknowledged the firearm was his and that his firearm was in defendant's vehicle because Webster was driving defendant's vehicle the day officers executed the search warrant. Defense counsel also noted while defendant was on warrant status, defendant was in contact with him and wanted to reach an agreement with the State about the resolution of the outstanding warrants. According to defense counsel, an agreement was not reached because the State would not respond to his communications about the warrants. Defense counsel also maintained defendant stayed out of trouble for the last two years and resided in Sangamon County. For those reasons, defense counsel requested defendant be released from custody and placed on electronic monitoring.

¶ 11        Following defense counsel's argument, defendant personally addressed the circuit court. Defendant told the court he contacted his attorney every two weeks or at least once a month while he was on warrant status. He is also an "everyday father," which is why he did not turn himself in on the warrants. Defendant noted he has not been in trouble for the last two years and was not a flight risk. Defense counsel then interjected that defendant "essentially, [has] been on his own house arrest laying completely low" the last two years, while he was on warrant status. The State responded by asserting defendant made willful choices not to turn himself in while on warrant status and would not turn himself in unless the State met the terms he attempted to set for his surrender on the warrants.

¶ 12        After considering the information and arguments presented, the circuit court granted the State's petitions for pretrial detention, finding (1) defendant posed a real and present

threat and no condition or combination of conditions could be imposed to mitigate that threat and (2) defendant had a high likelihood of willful flight to avoid prosecution. In its oral ruling, the court stated defendant knew about the outstanding warrants and "willfully fled those warrants and evaded being picked up." Additionally, defendant possessed two different firearms and committed the offenses in case No. 22-CF-1211 while on bond in case No. 22-CF-554. The court entered a written order consistent with its oral ruling.

¶ 13 On October 7, 2024, defense counsel filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024). The motion argued the circuit court erred in ordering defendant detained pretrial because (1) the State failed to prove defendant posed a real and present threat to the safety of any persons or the community and (2) the State failed to prove no condition or combination of conditions could be imposed to mitigate any threat defendant posed. We note the caption of this motion only included case No. 22-CF-1211.

¶ 14 The circuit court held a hearing on defendant's motion on October 10, 2024. At the outset of the hearing, the court called both case No. 22-CF-1211 and case No. 22-CF-554. Defense counsel began his argument by noting defendant appeared in court regularly while on bond in case No. 22-CF-554. After the warrants were issued, defendant stayed out of trouble for two years while on warrant status. Additionally, while on warrant status, defendant remained in contact with defense counsel, who was attempting to negotiate a resolution of defendant's warrants. Defense counsel argued, when defendant was ultimately arrested on the warrants, he cooperated with the officers and no firearms or drugs were located on him. Additionally, defense counsel reiterated the firearm located in defendant's vehicle (in case No. 22-CF-554) belonged to another individual. Defendant has family in the area, including his mother, a girlfriend, and children. Based on all of this, defense counsel requested defendant be released and placed on either home confinement or

electronic monitoring.

¶ 15        In response, the State noted, while defendant was on bond in case No. 22-CF-554, he had approximately 2,000 grams of cannabis delivered to his home. When officers subsequently searched defendant's home, they located a firearm. According to the State, defendant saw officers searching his home in November 2022 and ran to avoid being apprehended. Defendant then continued to evade arrest for two years. During that time, defendant attempted to negotiate his surrender, rather than accept responsibility and turn himself in. The State argued home confinement would be ineffective because defendant had drugs shipped to his home and possessed two different firearms, even though he was prohibited from doing so. For those reasons, the State requested the circuit court deny defendant's motion for relief. Following arguments, the court denied defendant's motion for relief.

¶ 16        Defendant timely appealed.

¶ 17                                II. ANALYSIS

¶ 18        On appeal, the Office of the State Appellate Defender (OSAD) argues the circuit court's order denying defendant pretrial release should be reversed because (1) the State failed to timely file its verified petition to deny pretrial release, (2) the court failed to hold a timely detention hearing, and (3) the State failed to prove less restrictive conditions would not mitigate any threat defendant posed. OSAD acknowledges the first two issues were not preserved for review because defendant failed to raise them in his motion for relief. However, OSAD requests this court review those issues under either the plain error doctrine or ineffective assistance of counsel. In response, the State contends this court should dismiss defendant's appeal in case No. 22-CF-554 because defendant failed to file a requisite motion for relief in that case. The State also argues (1) defendant's first two arguments are waived and neither plain error nor ineffective assistance of

counsel apply and (2) the court correctly found no condition or combination of conditions could be imposed to mitigate any threat defendant posed.

¶ 19             A. Failure to File Motion for Relief in Case No. 22-CF-554

¶ 20        We first address the State's contention this court should dismiss defendant's appeal in case No. 22-CF-554 based on defendant's failure to file a requisite motion for relief. The State notes the motion for relief filed by defense counsel on October 7, 2024, only included case No. 22-CF-1211 and no similar motion was filed in case No. 22-CF-554. However, a review of the record indicates this was simply a scrivener's error. At the hearing on defendant's motion for relief, the circuit court called both case numbers, and the parties proceeded as if the motion had been filed in both cases. Both parties and the court referenced facts from both defendant's cases throughout the hearing. Consequently, we find defense counsel intended to file the motion for relief in both cases and decline to dismiss defendant's appeal in case No. 22-CF-554 based on defense counsel's scrivener's error.

¶ 21                    B. Plain Error Review

¶ 22        Next, we turn to defendant's request for this court to review his first two issues on appeal (related to the timeliness of the State's petition and the timeliness of the detention hearing) pursuant to the second prong of the plain error doctrine.

¶ 23        The second prong of the plain error doctrine allows this court to consider forfeited issues when the defendant demonstrates a clear or obvious error occurred and the "error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process." (Internal quotation marks omitted.) *People v. Sebby*, 2017 IL 119445, ¶ 48; see Illinois Supreme Court Rule 615(a) (eff. Jan. 1, 1967) (allowing forfeited issues to be reviewed if a defendant's substantial rights are affected).

¶ 24    This court recently addressed the applicability of the plain error doctrine to appeals brought under Rule 604(h) in *People v. Nettles*, 2024 IL App (4th) 240962, ¶¶ 28-34. In *Nettles*, we found, based on the plain language of Rule 604(h) and the language in the report of the Illinois Supreme Court Pretrial Release Appeals Task Force, issues not raised in a defendant's motion for relief are waived on appeal, rather than forfeited. *Id.* ¶¶ 31-32. " '[This] distinction is important because if [a] defendant has waived the issue, we need not review his claim for plain error.' " *Id.* ¶ 29 (quoting *People v. Scott*, 2015 IL App (4th) 130222, ¶ 21).

¶ 25    Here, defendant failed to raise the issues of the timeliness of the State's verified petition to deny pretrial release and the timeliness of the detention hearing in his motion for relief. Consequently, we find those issues are waived on appeal, rather than forfeited. In accordance with our holding in *Nettles*, we find plain error review is not applicable in this case.

¶ 26                     C. Ineffective Assistance of Counsel

¶ 27    As an alternative to plain error, defendant argues defense counsel's failure to include the issues related to the timeliness of the State's petition and the detention hearing in defendant's motion for relief constitutes ineffective assistance of counsel.

¶ 28    A defendant's claim of ineffective assistance of counsel is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Veach*, 2017 IL 120649, ¶ 29. To prevail on a claim, "a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Petrenko*, 237 Ill. 2d 490, 496 (2010). A defendant must satisfy both prongs of the *Strickland* standard, and the failure to satisfy either prong precludes a finding of ineffective assistance of counsel. *People v. Clendenin*, 238 Ill. 2d 302, 317-18 (2010).

¶ 29    In *Nettles*, 2024 IL App (4th) 240962, ¶¶ 24-26, this court addressed the

applicability of ineffective assistance of counsel to arguments not raised by defense counsel in a motion for relief. In that case, we found a defendant who appeals from a detention decision could not meet the prejudice prong of the *Strickland* analysis. *Id.* ¶ 25. A defendant cannot establish prejudice because

> "[a]n appeal from a detention decision can be brought at any time prior to conviction. [Citation.] Subject to the limitation that no more than one appeal be brought at one time [citation], [the] defendant could *still* file a proper motion for relief and take a proper appeal. It is difficult to discern how a defendant could establish that he has been prejudiced by his attorney 'dropping the ball' when the ball is still in the air." (Emphasis in original.) *Id.*

Consequently, we find defendant cannot establish ineffective assistance of counsel in this case based on defense counsel's failure to include the timeliness issues in defendant's motion for relief.

¶ 30                    D. Circuit Court's Finding on Conditions

¶ 31        Defendant also argues the State failed to meet its burden to prove no condition or combination of conditions could mitigate any potential threat defendant posed. In support of this argument, OSAD states, "The State relied almost exclusively on its factual proffer concerning the elements of the allegations, which did not establish that no conditions could mitigate any potential threat." Because the State failed to meet its burden, OSAD contends the circuit court erred in granting the State's petition for pretrial detention.

¶ 32        This court reviews decisions to grant or deny a verified petition for pretrial detention for an abuse of discretion. See *People v. Morgan*, 2024 IL App (4th) 240103, ¶ 35. "An abuse of discretion occurs when the [circuit] court's decision is 'arbitrary, fanciful or unreasonable,' or where 'no reasonable person would agree with the position adopted by the

- 10 -

[circuit] court.' " *Id.* ¶ 13 (quoting *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10). However, we note our decision in this case would be the same whether we applied a manifest weight of the evidence or an abuse of discretion standard. See *Morgan*, 2024 IL App (4th) 240103, ¶ 23 ("Both the manifest weight and abuse of discretion standards of review are deferential to the [circuit] court's ruling."); see also *People v. Gardner*, 2024 IL App (4th) 230443, ¶ 23 (a decision is against the manifest weight of the evidence when "the opposite conclusion is clearly evident or *** the finding itself is unreasonable, arbitrary, or not based on the evidence presented" (internal quotation marks omitted)).

¶ 33        Section 110-5(a) of the Code (725 ILCS 5/110-5(a) (West 2022)) sets forth the factors the circuit court must consider in determining "which conditions of pretrial release, if any, will reasonably ensure the *** safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." Specifically, among other things, the court considers the circumstances and nature of the charged offenses, the weight of the evidence, and defendant's history and characteristics. *Id.* § 110-5(a)(1)-(3).

¶ 34        In this case, the circuit court did not abuse its discretion in determining there were no conditions or combination of conditions it could impose to mitigate any threat defendant posed. In its ruling, the court found defendant possessed firearms on two separate occasions, despite being a convicted felon and prohibited from possessing any firearms. Additionally, despite knowing about two warrants for his arrest, defendant evaded arrest for two years. Defendant's criminal history included two prior felony convictions for manufacture or delivery of cannabis. The State correctly noted home confinement or electronic monitoring would be insufficient because defendant possessed firearms in his vehicle and his home. Defendant also had approximately 2,000 grams of cannabis delivered to his home while he had a pending case. Based on these

circumstances, the court did not abuse its discretion in finding no condition or combination of conditions could mitigate any threat defendant posed.

¶ 35                                    III. CONCLUSION

¶ 36           For the reasons stated, we affirm the circuit court's denial of pretrial release.

¶ 37           Affirmed.