2024 IL App (4th) 240962

NO. 4-24-0962

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 18, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| EVAN C. NETTLES, | ) | No. 24CF143 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John P. Vespa, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court, with opinion.
Justices Knecht and Vancil concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Evan C. Nettles appeals the trial court's order denying him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), hereinafter as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023). For the following reasons, we dismiss the appeal.

¶ 2                              I. BACKGROUND

¶ 3    In February 2024, the State charged defendant by way of information with two counts of aggravated battery (720 ILCS 5/12-3.05(e)(1) (West 2022)) (Class X felony) and one count of armed robbery (*id.* § 18-2(a)(2)) (Class X felony). The State subsequently obtained a superseding indictment on the same charges. The State also filed a verified petition pursuant to section 110-6.1 of the Code requesting that the trial court deny defendant pretrial release, alleging that he posed a real and present threat to the safety of any person or persons or the community.

¶ 4        At the detention hearing that followed, the State proffered that at approximately 9 p.m. on February 20, 2024, in Bartonville, Illinois, police responded to the report of a shooting. At the scene, officers found a vehicle containing two 17-year-olds who had suffered gunshot wounds. The victims were transported to a hospital for treatment. Multiple spent cartridge cases were discovered inside and outside of the vehicle. While officers were still processing the scene, defendant arrived and turned himself in.

¶ 5        The minor victims gave statements to police indicating that they had driven to the scene for the sale of cannabis and that Donald Grant entered the vehicle's back seat while they sat in the front. Grant pulled out a gun, and one of the minors attempted to take it away from him. Grant then shot both occupants. Grant was taken into custody shortly after the incident.

¶ 6        During defendant's interview with police, he stated that Grant had planned a robbery to obtain both cannabis and money. Grant planned to commit the robbery armed with a rifle; instead, defendant supplied Grant with a handgun. The two then went to the location of the premeditated robbery. Once the two minors arrived with the cannabis, Grant got into their vehicle while defendant remained in the other vehicle with the rifle pointed out the window at the other vehicle. Grant then opened fire on the occupants of the vehicle, and he and Grant fled.

¶ 7        When Grant was interviewed by police, he claimed that he and defendant planned to rob the minors of the cannabis and sell it themselves to pay for defendant's "rent." Grant got into the back seat of the minor's vehicle, and once he saw the cannabis, "he pulled out the handgun and put it to [the minor's] face." A struggle for the gun ensued, and Grant fired the handgun, striking the minor in the driver's seat. The gun jammed following one of the shots. Grant grabbed the cannabis, cleared the jam in the gun, and exited the vehicle. After exiting the vehicle, Grant

fired upon the minor who was sitting in the passenger seat of the vehicle. Grant and defendant then left the scene on foot.

¶ 8 The State then turned to the Virginia pretrial risk assessment, on which defendant scored 8 out of 14 and was rated as a "high risk." The State also argued that, while defendant was a young individual and did not have a lengthy criminal record, the offenses on his record were serious and violent, including domestic battery, residential burglary, robbery, and the unlawful use of a weapon.

¶ 9 Defendant did not make a proffer but argued that the pretrial assessment determination that he was a high risk to reoffend was skewed by the serious nature of the charges and that he was unemployed. Defendant did not have a history of missing court dates, turned himself in for the current offenses, made a confession, and cooperated with police. Further, it did not appear from the State's proffer that defendant was familiar with the minors that were robbed; if released on electronic monitoring, defendant argued he would have no contact with them.

¶ 10 The trial court opined that defendant and Grant had a plan to rob the minors of cannabis and that defendant provided the handgun. Although defendant was young, he had "some alarming and serious criminal history" that exhibited an "escalating nature." While the court considered the argument that the pretrial assessment overstated defendant's risk to reoffend based on certain factors, "at the end of the day it does classify you as high risk." The offenses were crimes of violence involving a firearm. The court found that pretrial detention was appropriate and there were no conditions of release that could mitigate the threat posed by defendant.

¶ 11 Defendant filed a motion to reconsider the trial court's denial of his pretrial release. The motion contained an opening paragraph and a prayer for relief requesting pretrial release. The substance of the pleading is as follows:

"1. On February 22, 2024, the State charged Defendant with two counts of Aggravated Battery, both Class X felonies, and one count of Armed Robbery, a Class X felony.

2. The State also filed a Petition to Deny Pretrial Release in this case on February 22, 2024, and the Court held a detention hearing on that same date.

3. The Court granted the State's Petition and ordered Mr. Nettles be detained indefinitely until trial.

4. Defendant requests this Court reconsider his pretrial detention pursuant to 725 ILCS 5/1 105(f-5)."

The pleading did not contain a citation of Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024), nor did it label itself as a "motion for relief" under that rule.

¶ 12       At the hearing on defendant's motion to reconsider, defense counsel argued that defendant had not missed any court dates and that his criminal history mostly consisted of offenses perpetrated when he was a juvenile. Counsel stated that defendant had family in the area and that defendant wanted to be released so "that he can be there for his family." The State argued there was no information available that would change the initial detention determination and reiterated the proffer from the original detention hearing.

¶ 13       The trial court denied defendant's motion, finding he needed to remain detained "for reasons set forth by the State." This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15       On appeal, the Office of the State Appellate Defender (OSAD) filed a memorandum of law arguing that the trial court erred in determining that there were no conditions of pretrial release that would mitigate the potential threat that defendant posed. Within this argument, OSAD

presents the contention that the court erred in relying on the alleged statement by Grant that it was defendant's plan to commit the robbery. Alternatively, to the extent that defense counsel failed to present this argument to the court during the hearing, defendant argues that his counsel was ineffective or that the court committed plain error. Defendant also argues that the court committed plain error in relying on the pretrial assessment that defendant was at high risk to reoffend.

¶ 16      The State argues defendant waived the arguments presented in the memorandum by failing to advance those grounds in a motion for relief pursuant to Rule 604(h). Notwithstanding waiver, the State argues, the trial court's decision is supported by the record.

¶ 17      Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024) was recently amended to provide that, "[a]s a prerequisite to appeal" from an order denying pretrial release, "the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief," which the trial court shall promptly hear and decide. Further, Rule 604(h)(2) now provides that, "[u]pon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, *shall be deemed waived*." (Emphasis added.) Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024).

¶ 18      Here, after being denied pretrial release, defendant filed a "Motion to Reconsider Pretrial Release." This motion failed to reference Rule 604(h)(2) and instead cited section 110-5(f-5) of the Code (725 ILCS 5/110-5(f-5) (West 2022)). Section 110-5(f-5) directs the trial court at each subsequent appearance of a defendant to find that the current conditions imposed remain necessary to reasonably ensure, among others, the safety of any other person or the community. While new information is not required in order to remove or alter pretrial conditions (*id.*), some change in circumstance must be shown for a defendant to seek a change in an order for detention.

*People v. Walton*, 2024 IL App (4th) 240541, ¶ 37. Defendant's motion suggested no new information or change in circumstances.

¶ 19         Initially, we find that, because defendant explicitly claimed to raise his motion under section 110-5(f-5) while making no reference to Rule 604(h)(2), defendant's motion, when viewed in isolation, cannot be considered a proper motion under Rule 604(h)(2). Furthermore, even if we liberally construed the motion for reconsideration to be a motion for relief under Rule 604(h)(2), the issues raised on appeal are not raised in the trial court motion. See Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024) (requiring the motion for relief to "contain sufficient detail to enable meaningful appellate review").

¶ 20         We also refuse to allow the appellate memorandum filed by OSAD to frame the issues on appeal where the rule requires arguments to be advanced in a motion for relief in the trial court under penalty of waiver. In *People v. Drew*, 2024 IL App (5th) 240697, ¶ 44, the Fifth District addressed this issue and found that the language in Rule 604(h)(7) allowing for the motion for relief in the trial court to be "supplemented" on appeal by a memorandum did not give *carte blanche* to appellate counsel to present additional arguments. Referring to the language of the rule, the *Drew* court stated "The use of the word 'supplement' infers that something was presented in the first place. To presume otherwise would allow a party to circumvent the rules and ignore the importance of first placing the argument before the trial court." *Id.* We agree with the eminently reasonable conclusion of the court in *Drew*.

¶ 21         Under such circumstances, the proper path forward is to dismiss defendant's appeal. While the failure to file the appropriate pleading stating the grounds for relief in the court below is not a jurisdictional bar (see *People v. Cooksey*, 2024 IL App (1st) 240932, ¶ 19), the defect requires dismissal of the appeal. We agree with *Cooksey* that our jurisprudence in the treatment of

appeals from final judgments following negotiated guilty pleas under Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024) is a reasonable analog to the failure to file a Rule 604(h) motion for relief. While the failure to file such a motion does not deprive this court of jurisdiction, it precludes us from considering the merits of the appeal and necessitates dismissal. *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003).

¶ 22    Apparently aware of the failure to preserve the arguments he advances on appeal, defendant attempts to escape dismissal by arguing that trial counsel's failure to preserve those arguments amounts to ineffective assistance of counsel. Alternatively, defendant contends that the matters at issue constitute plain error on the part of the trial court.

¶ 23              A. Ineffective Assistance of Counsel

¶ 24    "The United States and Illinois Constitutions guarantee criminal defendants the right to the effective assistance of counsel." *People v. Lewis*, 2022 IL 126705, ¶ 44 (citing U.S. Const., amends. VI, XIV, and citing Ill. Const. 1970, art. I, § 8, and citing *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984), and citing *People v. Albanese*, 104 Ill. 2d 504, 525-26, (1984)). "[E]ffective assistance of counsel refers to competent, not perfect, representation. *People v. Palmer*, 162 Ill. 2d 465, 476 (1994). The familiar two-part test established in *Strickland* and adopted by Illinois (see *Albanese*, 104 Ill. 2d at 525) requires a defendant to show that defense counsel's assistance was objectively unreasonable under prevailing professional norms and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See *People v. Johnson*, 2021 IL 126291, ¶ 52.

¶ 25    We undertake our analysis under the assumption that a hearing on the question of pretrial detention is a critical stage of the proceedings at which a defendant is entitled to the representation of counsel. See *Rothgery v. Gillespie County, Texas*, 554 U.S. 191, 194 (2008)

("[T]he right to counsel guaranteed by the Sixth Amendment applies at the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty."); *Coleman v. Alabama*, 399 U.S. 1, 9-10 (1970) (addressing a pretrial determination of bail). In the particular context of a pretrial detention decision, however, we fail to see how the second *Strickland* factor—prejudice—can be shown. The detention decision is not closed; indeed, it cannot be, as it must be revisited at every subsequent court date. See *Walton*, 2024 IL App (4th) 240541, ¶¶ 20, 27 (noting the court's inherent authority to modify interlocutory orders and citing section 110-6.1(i-5) of the Code (725 ILCS 5/110-6.1(i-5) (West 2022)) in finding the court's obligation to review the necessity of detention at future court dates); Ill. S. Ct. R. 604(h)(9) (eff. Apr. 15, 2024) (stating "[t]he circuit court shall retain jurisdiction to proceed with the case during the pendency of any appeal from an order" such as the one at issue here). An appeal from a detention decision can be brought at any time prior to conviction. Ill. S. Ct. R. 604(h)(3) (eff Apr. 15, 2024). Subject to the limitation that no more than one appeal be brought at one time (Ill. S. Ct. R. 604(h)(11) (eff Apr. 15, 2024)), defendant could *still* file a proper motion for relief and take a proper appeal. It is difficult to discern how a defendant could establish that he has been prejudiced by his attorney "dropping the ball" when the ball is still in the air. See *Drew*, 2024 IL App (5th) 240697, ¶ 37 ("While it is well established that trial counsel's pretrial actions may trigger Sixth Amendment rights, '[t]he fundamental problem with addressing *Strickland* claims prior to trial is that the outcome of the proceeding has not yet been determined.' " (quoting *People v. Jocko*, 239 Ill. 2d 87, 93 (2010))).

¶ 26 For the foregoing reasons, we find that defendant cannot rely on a claim of ineffective assistance of counsel to address matters that his trial counsel is still free to address.

¶ 27 B. Plain Error

¶ 28    The plain-error exception to forfeiture is meant to be applied narrowly in situations where plain errors or defects impact substantial rights. *People v. Jackson*, 2022 IL 127256, ¶ 19. A reviewing court may address forfeited arguments under the exception when a "clear or obvious error occurred" and "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or the error is "so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 29    Turning to defendant's attempt to invoke the doctrine of plain error, we look first to the language of Rule 604 (h)(2) that the failure to advance arguments in the underlying pleading results in the waiver of those arguments. We note that there is an important, often overlooked, distinction between the doctrines of "forfeiture" and "waiver." Our supreme court has stated: "As explained by the United States Supreme Court in *United States v. Olano*, 507 U.S. 725 *** (1993), 'Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of the right, waiver is the "intentional relinquishment or abandonment of a known right." ' " *People v. Blair*, 215 Ill. 2d 427, 444 n.2 (2005) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).

"Such a distinction is important because if [a] defendant has waived the issue, we need not review his claim for plain error." *People v. Scott*, 2015 IL App (4th) 130222, ¶ 21; see *United States v. Flores*, 929 F.3d 443, 447 (7th Cir. 2019) ("We review forfeited arguments for plain error, whereas waiver extinguishes error and precludes appellate review.").

¶ 30    While it has been recognized the terms "forfeiture" and "waiver" are often used interchangeably, we do not believe that the Illinois Supreme Court was careless in its selection of the word waiver within Rule 604(h)(2). See *People v. Sophanavong*, 2020 IL 124337, ¶ 20 ("[T]his

court has noted that the terms forfeiture and waiver have, at times, been used interchangeably, and often incorrectly, in criminal cases."). Rather we recognize that Illinois Supreme Court rules are not suggestions and should be enforced as written. See *People v. Fukama-Kabika*, 2023 IL 128824, ¶ 29 ("This court has repeatedly explained that our rules are not suggestions; rather, they have the force of law, and the presumption must be that they will be obeyed and enforced as written." (Internal quotation marks omitted.)); see also *People v. English*, 2023 IL 128077, ¶ 13 (noting principles of statutory construction apply to the interpretation of supreme court rules and our "primary concern is to give effect to our intent, most often through the plain and ordinary meaning of the rule" (internal quotation marks omitted)).

¶ 31    To the extent there is ambiguity, we note that the rule change by our supreme court followed issuance of the report of the Illinois Supreme Court Pretrial Release Appeals Task Force. That report noted that "It would be helpful to all involved to have the rules regarding issue preservation made explicit." Ill. S. Ct. Pretrial Release Appeals Task Force , Report and Recommendations 7 (2024), https://ilcourtsaudio.blob.core.windows.net/antilles-resources/ resources/628434e3-d07f-4ead-b1f6-4470d7e83bf3/Pretrial%20Release%20Appeals%20 Task%20Force%20Report_March%202024.pdf [https://perma.cc/LL5Y-R4FN]. The task force then proposed that, "[o]ther than errors occurring for the first time at the hearing on the motion for relief, issues not raised in the motion will not be considered on appeal," noting "that this leaves no room for alternative means of analysis such as plain error review or a contention of ineffective assistance of trial counsel." (Internal quotation marks omitted.) *Id.* The reasoning was "that an expedited, limited review of detention decisions is designed in the first instance to be review of the trial court's decision" and it was "unreasonable to expect this expedited process to carry the

same weight and scope of argument that is seen in a direct appeal following conviction." (Emphasis omitted.) *Id.*

¶ 32    It was against this backdrop that the supreme court determined that issues not raised in the petition for relief were waived on appeal. We find no reason to conclude that the court did not mean what it said. See *People v. Foster*, 271 Ill. App. 3d 562, 567 (1995) (finding that the Illinois Supreme Court meant what it said in the plain language of a supreme court rule even in the absence of precedent authorizing the action articulated in the rule); *English*, 2023 IL 128077, ¶ 13 ("When a rule is plain and unambiguous, we may not depart from [its] terms by reading into it exceptions, limitations, or conditions [this court] did not express, nor may we add provisions not found in the [rule]." (Internal quotation marks omitted.)).

¶ 33    We note that courts interpreting an identical provision in Rule 604(d) have found that, "[a]lthough the rule says 'waived,' it really means 'forfeited.' " *People v. Hammons*, 2018 IL App (4th) 160385, ¶ 12; see *Drew*, 2024 IL App (5th) 240697, ¶ 23 n.2 (finding that although the rule uses the word " 'waived,' in this instance, we believe the proper word would be 'forfeited' "). However, as discussed above, the language in Rule 604(h)(2) is clear that we are to consider waived any arguments not advanced in the motion for relief. Also, the cases and appeals pursuant to Rule 604(d) are not interlocutory in nature and follow final judgments, while the detention rulings at issue in a Rule 604(h) appeal are interlocutory in nature.

¶ 34    Ultimately, undertaking plain-error review is discretionary. See Ill. S. Ct. R. 615 (eff. Jan. 1, 1967) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court."); *People v. Clark*, 2016 IL 118845, ¶ 42. Aside from finding such review incompatible with the language of the rule, we are not presented with any compelling argument to engage in the discretionary analysis in this appeal.

- 11 -

¶ 35                                III. CONCLUSION

¶ 36        We conclude that defendant's motion does not constitute a pleading contemplated

under Rule 604(h)(2) and fails to advance any arguments articulating a contention of error. We

also conclude that neither ineffective assistance nor plain error applies.

¶ 37        For the reasons stated, we dismiss the appeal.

¶ 38        Appeal dismissed.

*People v. Nettles*, 2024 IL App (4th) 240962

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Peoria County, No. 24-CF-143; the Hon. John P. Vespa, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Eric E. Castañeda, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |