2025 IL App (1st) 242107-U

FOURTH DIVISION
JUNE 20, 2025

No. 1-24-2107B

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24CR16901 |
| | ) | |
| HERBERT PITTS, | ) ) | Honorable Barbara Dawkins, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE LYLE delivered the judgment of the court.
Justices Hoffman and Ocasio concurred in the judgment.

ORDER

¶ 1    *Held*:  The defendant's appeal is dismissed for failing to comply with Illinois Supreme Court Rule 604(h)(2).

¶ 2    On November 28, 2023, the State charged the defendant-appellant, Herbert Pitts, with armed violence, along with other drug and firearm offenses. In December 2023, the State filed a superseding indictment, which removed the armed violence count. Mr. Pitts filed a *pro se* motion, which the trial court considered as a motion for relief. The court denied the motion and found Mr. Pitts should remain in custody. On appeal, Mr. Pitts challenges the circuit court's decision to keep

him in custody based on the State failing to file a petition for pretrial detention after the charge he was being held on was dropped. For the reasons that follow, we dismiss the appeal.

¶ 3                                    BACKGROUND

¶ 4      On November 28, 2023, the State charged Mr. Pitts with armed violence, unlawful use of a weapon by a felon, two counts of possession of a controlled substance, a count of possession of cannabis with intent to distribute, and two counts of aggravated assault with a firearm. On that date, the State filed a petition for pretrial detention, which the trial court granted on the charge of armed violence.

¶ 5      On December 11, 2023, Mr. Pitts filed his notice of appeal. On December 28, 2023, during the pendency of the appeal, the State filed a superseding indictment. The original charges were changed to unlawful use of a weapon by a felon and two counts of aggravated unlawful use of a weapon. The trial court ordered a psychological evaluation of Mr. Pitts to see if he was fit for trial. On February 8, 2024, this court entered an order affirming his detention on his original indictment for armed violence. See *People v. Pitts*, 2024 IL App (1st) 232336. On May 16, 2024, after his fitness was verified, Mr. Pitts was arraigned on the new charges. Mr. Pitts filed a motion to quash and dismiss his arrest and to dismiss the indictment. On or around October 7, 2024, Mr. Pitts filed a *pro se* motion titled "PRETRIAL RELEASE FAIRNESS SAFE-T-ACT MOTION FOR RELEASE ON OWN RECOGNIZANCE PRETRIAL RELEASE pursuant to 725 ILCS 5/110-6.1(i)." In that motion, Mr. Pitts stated he would appear to answer the charge, submit himself to any court orders, and not violate any criminal statutes.

¶ 6      On October 7, 2024, the trial court held a hearing on Mr. Pitts' motions. The court stated in the hearing that it would treat the pretrial release motion as a motion for relief. After the hearing,

the trial court found that Mr. Pitts should remain in custody based on the December 2023 charges in the superseding indictment. On October 17, 2024, Mr. Pitts filed his notice of appeal.

¶ 7                                    ANALYSIS

¶ 8     We note that we have jurisdiction to consider this matter, as Mr. Pitts filed a timely notice of appeal. See Ill. S. Ct. R. 604(h)(1)(iii) (eff. Apr. 15, 2024).

¶ 9     Mr. Pitts argues on appeal he should be granted pretrial release because the State did not file a petition to deny pretrial release on the superseding indictment. He contends in his brief that after he was arraigned on May 16, 2024, the State did not file a petition for pretrial detention. Essentially, he asserts that any petition for pretrial detention filed by the State now would be untimely and, as a result, he is entitled to be released. Notably, this argument was not raised in what the trial court identified as Mr. Pitts' motion for relief, nor in any of his written filings.

¶ 10    Illinois Supreme Court Rule 604(h)(2) (Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024)) states:

> "[A]s a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief. The trial court shall promptly hear and decide the motion for relief. Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived."

¶ 11    Mr. Pitts attempts to argue that excerpts from the hearing conveyed his intention to argue that the State did not file a petition for pretrial detention after the charge that he was originally being held on was dropped. However, the question is whether the written motion contains these assertions. Ill. S. Ct. R. 604(h)(2) ("[T]he party taking the appeal shall first present to the trial court

a written motion requesting the same relief to be sought on appeal and the grounds for such relief."). The substance of Mr. Pitts' motion was that he would comply with any judicial orders and would appear at every court date. Nowhere does he make an argument that even resembles his appeal. Moreover, Mr. Pitts does not cite to Rule 604(h)(2). *People v. Nettles*, 2024 IL App (4th) 240962, ¶ 11 (stating "[t]he pleading did not contain a citation of Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024), nor did it label itself as a 'motion for relief,' under that rule"). Whether we agree with the trial court's assertion that it was a motion for relief or find that it was a petition for pretrial release, the lack of a motion for relief that mirrors the appeal means that Mr. Pitts has waived his appellate arguments. Since his arguments on appeal are waived, we dismiss the appeal.

¶ 12                                             CONCLUSION

¶ 13      For the foregoing reasons, we dismiss the appeal.

¶ 14      Appeal dismissed.