NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250340-U

NO. 4-25-0340

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 16, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| DONTE ANDRE WILLS, | ) | No. 24CF1350 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Amy L. McFarland, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, finding the trial court did not err by finding that no condition or combination of conditions of pretrial release could mitigate the threat defendant posed to the safety of the community.

¶ 2    Defendant, Donte Andre Wills, appeals the trial court's order denying him pretrial release. Defendant argues the State failed to prove by clear and convincing evidence that (1) he posed a real and present threat to the safety of any person or the community and (2) less restrictive conditions would fail to protect any person or community safety. We affirm.

¶ 3                                I. BACKGROUND

¶ 4    On December 18, 2024, the State charged defendant by information with cannabis trafficking (720 ILCS 550/5.1(a) (West 2022)), two counts of unlawful possession of cannabis with the intent to deliver (*id.* § 5(f), (g)), two counts of unlawful possession of cannabis (*id.* § 4(f), (g)), unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2022)),

unlawful possession of firearm ammunition by a felon (720 ILCS 5/24-1.1(a) (West 2022)), and violating the Firearm Owners Identification (FOID) Act (430 ILCS 65/2(a)(1) (West 2022)). The information was later supplanted by an indictment charging defendant with cannabis trafficking, unlawful possession of cannabis with the intent to deliver, unlawful possession of cannabis, and unlawful possession of a controlled substance. The charges of unlawful possession of firearm ammunition by a felon and violating the FOID Act were dismissed on the State's motion.

¶ 5        On December 18, 2024, the same day the information was filed, the State filed a petition to deny defendant pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2024)). The petition alleged defendant was charged with four detention-eligible offenses—namely, cannabis trafficking, unlawful possession of cannabis (charged as a Class X felony), unlawful possession of firearm ammunition by a felon, and violating the FOID Act. The petition alleged defendant's pretrial release posed a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case.

¶ 6        The trial court held a detention hearing the same day the petition was filed. For its probable cause statement, the State orally asserted that Illinois State police investigators were advised by a United States Postal Office special agent about three packages that were bound for a townhome residence in Normal, Illinois. The packages were addressed to "Jake Barkowski," were shipped from California, and had "several indicators of an illegal drug shipment." A police investigator took possession of the packages, examined their contents pursuant to a search warrant, and found the packages contained a substance that field-tested positive for the presence of cannabis. The total weight of the substances in all three packages was 4,453.6 grams. A postal inspector delivered the three packages to the doorstep of the residence in Normal, Illinois, to

which they were addressed.

¶ 7　　　　Approximately one minute after the postal inspector delivered the packages, Terry Johnson, an Illinois State Police task force officer, observed a vehicle pull into the driveway of the residence. Johnson observed defendant exit the passenger side of the vehicle, walk up to the front door of the townhome, and retrieve the three packages. Defendant then used a key to enter a different townhome. He entered the other townhome with the packages and walked out without them. Defendant got back into the vehicle and drove away. Officers stopped the vehicle a short time later and identified Tasheka Hetherington as the driver. Defendant and Hetherington advised officers that they resided at the townhome defendant had just entered with the packages.

¶ 8　　　　Officers obtained a search warrant for defendant's residence and recovered the three packages. In addition to the cannabis in the three packages, the officers located additional suspected cannabis, which weighed 832.5 grams and field-tested positive for the presence of cannabis. The total weight of all cannabis found in the residence was 5,286 grams. The officers also located "additional indicators of intent to deliver," including a vacuum sealer, digital scale with suspected cannabis residue, and drug packaging material. The officers also found three "Alprazolam bars" and one live round of ammunition. Defendant admitted to possessing the round of ammunition and was a convicted felon.

¶ 9　　　　Officers later interviewed defendant, and he admitted to ordering two pounds of cannabis online. Defendant stated the cannabis was "fronted" to him and he had to ship cash back to the sender after he sold the cannabis. Defendant stated he kept the cash profit from the sale of the cannabis. Defendant advised the officers that he had approximately $3,500 in cash "on him" when he was arrested. Defendant told officers that the ammunition found in the residence belonged to him and that it was "a souvenir type of item."

¶ 10        At the detention portion of the hearing, at the State's request, the trial court took judicial notice of the probable cause statement and a pretrial investigation report that had been prepared in advance of the hearing.

¶ 11        The pretrial investigation report stated that defendant reported having four children, two of whom were minors; having diabetes and high blood pressure; and being employed part-time as a "Wholesale Car salesman." Defendant scored 9 out of 14 on the Virginial Pretrial Risk Assessment Instrument-Revised. The report stated defendant had been sentenced to 18 months' court supervision on November 18, 2024, for the offense of reckless conduct causing bodily harm. In 2014, defendant had been convicted of two felony counts of manufacturing or delivering cannabis and was sentenced to a term of probation, which he completed successfully. In 2005, he had been convicted of the felony offenses of misuse of a credit card and theft (both Class 3 felonies), and he was sentenced to probation. He also had a prior misdemeanor conviction for resisting a peace officer. He had successfully completed terms of court supervision for the misdemeanor offenses of reckless driving, battery, and driving on a suspended license.

¶ 12        The parties presented no further evidence.

¶ 13        In arguing that defendant was dangerous, the State argued that "drug dealers are often ripped off all the time contributing to crime in society, even if they're not the ones involved in gun violence." The State asserted that because drug dealers often carry large amounts of cash and drugs, "obviously, people can be robbed." The State noted defendant had been found in possession of ammunition as well. The State argued that because defendant was on court supervision at the time of the instant offenses and he had been convicted of manufacture or delivery of cannabis in the past, the trial court could not be confident that he would abide by

conditions of pretrial release.

¶ 14 Defense counsel argued that defendant should be released with conditions because the charged offenses were not crimes of violence, defendant was cooperative with officers during the investigation, defendant had a history of complying with court orders, and defendant had strong community ties. Counsel stated defendant was willing to comply with any conditions the trial court imposed.

¶ 15 The trial court found the State had shown by clear and convincing evidence that the proof was evident or the presumption great that defendant had committed the charged offenses. The court also found defendant was a danger to the community. The court acknowledged that Illinois had legalized "small amounts of cannabis," subject to regulations. The court stated that, though the substance field-tested positive for the presence of cannabis, "We don't know if the whole substance is cannabis or not." The court stated it was very dangerous to distribute such a substance in the community. The court stated: "But I do find that distributing even cannabis to the public is a danger, and especially in large amounts, such large amounts coming from an unknown source in California." The court noted defendant's criminal history and the fact that he had been given court supervision recently despite his criminal record.

¶ 16 The trial court also found there were no conditions of pretrial release that would mitigate the threat defendant posed to the safety of the community. The court stated defendant's history of complying with court orders but continuing to commit crimes was a "double-edge[d] sword." The court stated it did not believe electronic monitoring would be effective because defendant could still receive cannabis through the mail at home. The court stated it could order defendant not to commit any new crimes or not have contact with the people in California from whom he purchased the cannabis, but it was not satisfied that defendant would "follow the law

and not distribute cannabis" if it imposed such conditions. The court ordered defendant detained.

¶ 17        The trial court entered a written order denying defendant pretrial release. The court found defendant was unlikely to comply with some or all of the conditions of release it could impose. The court also found less restrictive conditions than detention would not avoid a real and present threat to the safety of the community because community safety could not be meaningfully achieved with available conditions of pretrial release and there was a high likelihood defendant would commit new offenses if granted release.

¶ 18        On February 3, 2025, defendant filed a motion for relief requesting that the trial court reconsider his detention due to his employment, medical conditions, and willingness to comply with pretrial services as directed. The motion also asserted there were reasonable alternatives to detention including GPS monitoring, geographical limitations on movements, stay away provisions, and other conditions deemed necessary by the court.

¶ 19        After the motion for relief was filed, the trial court allowed defense counsel to withdraw and a new attorney to enter his appearance. Defendant's new attorney adopted the motion for relief filed by his former attorney, and a hearing on the motion was held on February 18, 2025.

¶ 20        At the hearing on the motion for relief, defense counsel argued that defendant was gainfully employed, had four children, and needed to return to the community to care for his family. Counsel argued that cannabis "in and of itself *** couldn't possibly be inherently dangerous" because it could be purchased legally in Illinois. Counsel stated: "So just the mere fact that there's allegations that he's involved in the distribution or sale illegally doesn't make him a risk to a person, harm to a person or the community at large." Counsel also argued that there were less restrictive means than detention available, including GPS and electronic

monitoring.

¶ 21      The State argued that while possession of small amounts of cannabis was not dangerous, "drug trafficking is much different." The State asserted that defendant having a large amount of cannabis made defendant a "prime target for robbers" because the cannabis was worth a lot of money and it would not be reported stolen because it was illegal to possess such a large amount. The prosecutor argued: "Oftentimes drug dealers know this so the only way to protect their property is to arm themselves with firearms. Here we have live ammunition inside this apartment which he is not allowed to have as he is a convicted felon[ ]." The State also noted that defendant had a 2014 conviction for selling cannabis and was placed on court supervision in another case shortly before the incident giving rise to the instant case.

¶ 22      In response, defense counsel argued that the statute required that defendant be a danger to a person or the community. Counsel argued: "By no means do I believe that the statute is intending to say that the Court shall detain him to protect him from being robbed by somebody else." Counsel also argued that, without a gun, the round of ammunition found in defendant's residence did not create a threat to any person or the community.

¶ 23      The trial court denied the motion for relief, noting it had previously found the State had proven by clear and convincing evidence that the proof was evident or the presumption great that defendant committed a detainable offense, defendant posed a real and present threat to the safety of the community, and no conditions of pretrial release could mitigate that risk. The court stated no new information had been presented that would make these findings "irrelevant or inappropriate." This appeal followed.

¶ 24                              II. ANALYSIS

¶ 25      On appeal, defendant has filed a memorandum pursuant to Illinois Supreme Court

Rule 604(h) (eff. Apr. 15, 2024) arguing that the State failed to present clear and convincing evidence that he posed a real and present threat to the safety of any person or the community and that less restrictive conditions would fail to mitigate any safety risk he posed.

¶ 26 Under Illinois law, all defendants are presumed eligible for pretrial release. *People v. Morgan*, 2025 IL 130626, ¶ 24; 725 ILCS 5/110-2(a), 110-6.1(e) (West 2024). However, the trial court may deny pretrial release when the State files a verified petition and proves by clear and convincing evidence that (1) the proof is evident or presumption great that the defendant committed a detainable offense; (2) the defendant poses a real and present threat to the safety of any person, persons, or the community, based on the specific, articulable facts of the case; and (3) no condition or combination of conditions of pretrial release can mitigate this threat. 725 ILCS 5/110-6.1(e)(1)-(3) (West 2024); see *Morgan*, 2025 IL 130626, ¶ 24.

¶ 27 Because the parties proceeded solely by proffer at the detention hearing, our review is *de novo*. *Morgan*, 2025 IL 130626, ¶ 51.

¶ 28 A. Real and Present Threat

¶ 29 We first consider defendant's argument that the State failed to prove by clear and convincing evidence that he posed a real and present threat to the safety of the community.

¶ 30 Rule 604(h)(2) provides:

> "As a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief. The trial court shall promptly hear and decide the motion for relief. Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024).

¶ 31 Defendant acknowledges that he failed to assert in his written motion for relief that the State failed to prove by clear and convincing evidence that he posed a real and present threat to the safety of the community. However, defendant argues that we should deem the issue preserved for appeal because his counsel raised it orally at the hearing on his motion for relief.

¶ 32 Defendant cites *People v. Norris*, 8 Ill. App. 3d 931, 935 (1972), in support of his argument. In *Norris*, the court found that an issue was preserved for purposes of review where the defendant failed to include it in his written motion for a new trial, but his attorney raised it orally at the hearing on the motion for a new trial. *Id.* The court stated that, although the "general rule" was that all issues not raised in a written motion for a new trial were waived for purposes of appeal, the rationale behind the rule was "to obviate the necessity to appeal the case should the court rule favorably on the issue raised in the motion or to give a court of review the benefit of the trial judge's reasoning should he rule unfavorably to the defendant." *Id.* The *Norris* court found that both of these purposes were served in that case. *Id.* Defendant argues that his failing to include the issue in his written motion for relief but asserting it orally at the hearing was analogous to the *Norris*, and, as in *Norris*, the issue should be deemed to be preserved.

¶ 33 We disagree that the written-motion requirement for posttrial motions in section 116-1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/116-1 (West 2024)) is analogous the requirements of Rule 604(h). Rule 604(h) does not simply set forth a "general rule" that an issue must be included in a written motion for relief under Rule 604(h) in order to be preserved for appeal. Rather, Rule 604(h)(2) specifically states that "a *written* motion requesting the same relief to be sought on appeal *and the grounds for such relief*" is a "prerequisite to appeal." (Emphases added.) Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). The rule further states: "Upon appeal, any issue *not raised in the motion for relief*, other than errors

occurring for the first time at the hearing on the motion for relief, shall be deemed waived." (Emphasis added.) *Id.*

¶ 34 Thus, Rule 604(h) is clear that a prerequisite to a defendant appealing an order denying pretrial release is that all grounds for relief sought to be raised on appeal must be included in a written motion. This requirement provides clarity for both the trial court and the reviewing court as to what issues are before the court. We will not subvert the clear requirements of the rule by parsing through defense counsel's oral statements at the hearing on the motion for relief to determine if additional issues were sufficiently discussed to be deemed preserved. Accordingly, we conclude defendant's claim that the State failed to prove he posed a real and present threat to the safety of the community is waived.

¶ 35 In reaching this determination, we note that the written-motion requirement of Rule 604(h) is similar in many relevant ways to that of Rule 604(d), which governs appeals from convictions entered following guilty pleas. Similar to Rule 604(h), Rule 604(d) provides that no appeal may be taken from a guilty plea unless the defendant first files a written postplea motion in conformance with the rule. Ill. S. Ct. R. 604(d) (eff. April 15, 2024). Also, like Rule 604(h), Rule 604(d) further provides: "Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." *Id.*

¶ 36 Notably, courts have been much more reluctant to relax the written-motion requirement of Rule 604(d) than the written-motion requirement for posttrial motions in section 116-1 of the Code. See *People v. Foster*, 171 Ill. 2d 469, 472 (1996) (holding that, unlike with the statutory written-motion requirement for a posttrial motion, the agreement of the parties could not obviate the need for compliance with Rule 604(d)'s written-motion requirement as a

prerequisite to appeal); *People v. Handy*, 278 Ill. App. 3d 829, 836 (1996) ("[W]e reject defendant's argument that *anything* short of a *written* post-trial motion to reduce sentence could comply with the requirements of Rule 604(d). Thus, *** all claims not set forth in the written motion are waived from consideration on appeal, no matter what the 'understanding' of the judge, prosecutor, or defense counsel may have been." (Emphases in original.))

¶ 37　　　Defendant alternatively argues that, in the event we find he failed to preserve the issue, we may review it under the plain-error doctrine or as a claim that his attorney provided ineffective assistance of counsel by failing to include the issue in the written motion for relief. We decline to apply the plain-error doctrine in this case. This court has previously held that the plain-error doctrine is inapplicable when a defendant fails to include an issue in a motion for relief because Rule 604(h) provides that failure to raise an issue in a motion for relief results in waiver rather than forfeiture. See *People v. Nettles*, 2024 IL App (4th) 240962, ¶¶ 29-32.

¶ 38　　　We also find defendant cannot establish a claim of ineffective assistance of counsel with regard to counsel's failure to include the issue in the written motion for relief. "To prevail on an ineffective-assistance-of-counsel claim, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice." *People v. Johnson*, 2021 IL 126291, ¶ 52 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). In order to establish prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.*

¶ 39　　　Here, even assuming that counsel's failure to include the issue in the written motion for relief satisfied the deficient-performance prong of an ineffective-assistance-of-counsel claim, defendant cannot show prejudice. We previously addressed the applicability of

the prejudice prong to pretrial detention decisions in *Nettles*, stating:

> "In the particular context of a pretrial detention decision, however, we fail to see how the second *Strickland* factor—prejudice—can be shown. The detention decision is not closed; indeed, it cannot be, as it must be revisited at every subsequent court date. [Citations.] An appeal from a detention decision can be brought at any time prior to conviction. [Citation.] Subject to the limitation that no more than one appeal be brought at one time [citation], defendant could *still* file a proper motion for relief and take a proper appeal. It is difficult to discern how a defendant could establish that he has been prejudiced by his attorney 'dropping the ball' when the ball is still in the air." (Emphasis in original.) *Nettles*, 2024 IL App (4th) 240962, ¶ 25.

¶ 40     Unlike in the instant case, the defendant in *Nettles* failed to file a proper motion for relief at all. However, as in *Nettles*, the question of pretrial detention in this case is not "closed" and must be revisited at every subsequent court date. Accordingly, pursuant to the reasoning in *Nettles*, we find defendant cannot show he was prejudiced by his counsel's alleged deficiencies.

¶ 41          B. No Combination of Conditions Could Mitigate Threat

¶ 42     Defendant also argues the State failed to prove that no combination of conditions of pretrial release existed that could mitigate any threat he posed to the safety of the community. This issue was sufficiently raised in the written motion for relief, and we proceed to consider it.

¶ 43     In determining which conditions of pretrial release, if any, will ensure the safety of the community, the trial court may consider, *inter alia*, (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and

characteristics of the defendant; and (4) the nature and seriousness of the real and present threat to the safety of the community, based on the specific articulable facts of the case, that would be posed by the defendant's release. 725 ILCS 5/110-5(a) (West 2022).

¶ 44          Assuming that the trial court properly determined that defendant posed a real and present threat to the safety of the community due to his involvement in cannabis trafficking and his criminal history, the court did not err by finding the State proved by clear and convincing evidence that no combination of conditions of pretrial release could mitigate the threat posed by defendant. The evidence against defendant was strong, as officers found large amounts of cannabis in his residence and defendant admitted that he ordered this cannabis from California and intended to sell it. Defendant had previously been convicted of possession of cannabis with intent to deliver, and, although he had successfully completed terms of court supervision and probation in the past, he continued to commit crimes. Indeed, defendant was on court supervision at the time he committed the instant offenses, demonstrating that he was willing to disregard court orders and that a potential condition of release that he not commit further crimes would be ineffective. Also, as the trial court noted, conditions like GPS monitoring and home confinement would not necessarily prevent him from engaging in cannabis trafficking, as he could continue to have packages delivered to his residence.

¶ 45                         III. CONCLUSION

¶ 46          For the reasons stated, we affirm the trial court's judgment.

¶ 47          Affirmed.