NOTICE

Decision filed 01/09/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250806-U

NO. 5-25-0806

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 25-CF-220 |
| | ) | |
| CORY J. MARQUIS, | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices McHaney and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's pretrial detention is affirmed where defendant waived his arguments that the court erred in holding a pretrial detention hearing after 48 hours of his first appearance and being released from custody, and defendant could not show the necessary prejudice required for his ineffective assistance of counsel claim.

¶ 2    Defendant, Cory J. Marquis, appeals the trial court's order granting pretrial detention. He argues that the court acted outside of its statutory authority, the State failed to file a timely petition, and trial counsel was ineffective for failing to raise the court's errors at the detention hearing. For the following reasons, we affirm.

¶ 3                                  I. BACKGROUND

¶ 4    On February 13, 2025, defendant was charged with armed habitual criminal (720 ILCS 5/24-1.7(a)(1) (West 2022)) (count I), unlawful possession of a controlled substance with intent to

1

deliver (720 ILCS 570/401(a)(2)(A) (West 2022)) (count II), unlawful possession of weapons by felons (720 ILCS 5/24-1.1(a) (West 2022)) (count III), and aggravated unlawful use of a weapon (*id.* § 24-1.6(a)(1), (3)(A-5), (C), (d)(2)) (count IV). The same day, the State filed a verified petition to deny defendant pretrial release, arguing defendant committed a qualifying offense, his pretrial release posed a real and present threat to the safety of a person or the community, and he had a high likelihood of willful flight to avoid prosecution. The State also filed, on February 13, 2025, an officer's sworn statement regarding the search of defendant's residence, which resulted in the discovery of contraband and led to the charges in this case. At the bottom of the officer's statement, there was a handwritten note stating, "this is past the 48 hour period—defendant to be release with [notice to appear on] 2-13-25 [at] 8:20 a.m." There is no indication in the record that defendant appeared before the court on that date.

¶ 5    The pretrial investigation report, filed February 13, 2025, provided defendant's criminal history. Defendant had 13 previous felony convictions, three violations occurring from previous probation sentences, and seven misdemeanors. His juvenile record included three adjudications and a violation of probation. The Revised Virginia Pretrial Risk Assessment Instrument, also filed February 13, 2025, scored defendant a 10 out of 14, which placed him at a high-risk level of violating pretrial release conditions.

¶ 6    There was no report of proceedings for the March 6, 2025, hearing. However, the docket entry for that date noted defendant was present and the court appointed a public defender to represent defendant. The docket entry also stated that the court scheduled the petition to detain for the same day at 10:30 a.m. A later docket entry, also dated March 6, 2025, noted that on defendant's motion, and with no objection by the State, the petition to deny pretrial release hearing was continued until March 14, 2025.

2

¶ 7    At the March 14, 2025, hearing, the State proffered that during the execution of a search warrant of defendant's residence, officers found two baggies of suspected cocaine, one weighing 29 grams and the other weighing 21 grams. Officers also found a gun with a magazine that was loaded. The State further noted that defendant had a significant criminal history, including several violent offenses. The State also averred that defendant had previous escape charges for violating electronic monitoring, which raised concerns with imposing a similar condition for pretrial release.

¶ 8    Defense counsel argued that the State could not prove that the proof was evident or presumption great for counts I, III, and IV, where the sworn statement and police report provided that only a magazine was recovered during the search of defendant's residence. Regarding count IV, counsel contended that the fact that the contraband was found within defendant's abode specifically exempted him under the particular offense's statutory provision. Alternatively, counsel argued that any threat posed by defendant could be mitigated with conditions, including substance abuse treatment. Counsel noted that defendant was a long-term resident of the area with familial support, had shown that he would comply with court orders by attending court when directed, and would lose his job if detained.

¶ 9    The State agreed that only a magazine was found during the search and moved to withdraw counts I and IV and amend count III to reflect that defendant possessed only ammunition. The court granted the State's oral motion to withdraw counts I and IV and amend count III.

¶ 10    The court ordered defendant detained. It found the State showed the proof was evident or the presumption great that defendant committed counts II and III, as long as count III was amended to reflect the possession of ammunition. The court also found defendant posed a real and present threat to the safety of the community and no combination of conditions that would mitigate that threat. It based its decision on the facts and circumstances of the case, including defendant's prior

3

criminal history and multiple unsuccessful probation attempts. The court further noted that defendant had multiple escape charges and was classified as a high risk by the Revised Virginia Risk Assessment Instrument.

¶ 11 Count III was subsequently amended to charge unlawful possession of ammunition by a felon (720 ILCS 5/24-1.1(a) (West 2024)). On August 13, 2025, defendant waived his right to counsel and proceeded *pro se*.

¶ 12 On September 8, 2025, defendant filed a *pro se* motion for relief, arguing he was denied pretrial release based on over-charging and improper application of section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2024)). He contended counts I through IV did not state an offense committed by defendant and no weapon was involved. He also asserted that he did not have a high likelihood of willful flight to avoid prosecution and was not charged with any felony described in sections 110-6.1(a)(1) through (7) of the Code (*Id.* §§ 110-6.1(a)(1)-(7)). Defendant contented that he was released on February 13, 2025, and after a few continuances, the parties addressed the State's petition on March 14, 2025. However, by that time, the State had amended the charges to dismiss counts I and IV and amend count III to reflect the possession of only ammunition. Defendant argued that the State did not amend its petition after it amended the information and thus the petition relied on outdated charges. He further argued that he was detained on charges less serious than the charges effective when he was previously released. Defendant argued that after the State amended the information, the only available offense subject to pretrial detention was that he was charged with a felony other than a class 4 felony but that such fact was insufficient on its own to justify pretrial detention, especially where there were multiple conditions that would ensure the safety of the community and his continued presence at all court proceedings. He asserted that he was not a flight risk as he continued to appear at court when

4

instructed while released, he was not a danger or threat to the community, and there was no victim in this case.

¶ 13    The court held a hearing on the motion for relief on September 19, 2025. Defendant argued that the petition relied on the initial charges of armed habitual criminal, possession of a weapon by a felon, and possession with intent to deliver 15 to 100 grams, but no handgun was involved in this case. He contended he was being held on a felony possession of weapon charge, and no weapon was involved in this case. He claimed the State's conduct amounted to official misconduct as stated in section 33-3 of the Criminal Code of 2012 (720 ILCS 5/33-3 (West 2024)).

¶ 14    Defendant additionally argued that being "released on a NTA 48 hours after arrest" constituted a pretrial release under the law, requiring the State to file a petition to revoke. Defendant also contended that his hearing on the State's petition was untimely under the pretrial release statutes.

¶ 15    The State argued that if anyone should be upset about not having a hearing within 72 hours of the filing of the petition, it was the State because defendant was allowed extra time to prepare for the detention hearing. It noted that defense counsel's motion was the basis of the March 6, 2025, continuance. The State contended "the petition to detain or revoke his pretrial release was granted" due to defendant's criminal history and previous revocations of defendant's probation sentences due to defendant's failure to comply with court orders.

¶ 16    Defendant responded that a petition to detain and a petition for revocation of pretrial release were subject to different requirements. He argued that the State did not petition for revocation of pretrial release.

¶ 17    The court stated it reviewed the record and was aware that the armed habitual criminal and aggravated unlawful use of a weapon charges were a part of the verified petition to deny pretrial

5

release but were later dismissed. The court noted possession of 15 to 100 grams of cocaine with intent to deliver is a Class X felony. It also stated that to its knowledge, the 72-hour hearing requirement applies when the defendant was in custody and defendant was released. The court stated, "I want to do my own independent research on that, but at this stage[,] I am going to deny" the motion for relief. The court then admonished defendant of his appeal rights.

¶ 18     On October 2, 2025, defendant appealed from the denial of his motion for relief. On appeal, the Office of the State Appellate Defender was appointed to represent defendant and filed a memorandum (see Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024)).

¶ 19                                    II. ANALYSIS

¶ 20     Pretrial release—including the conditions related thereto—is governed by statute. See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023). A defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2024). In order to detain a defendant, the State has the burden to prove by clear and convincing evidence that (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense, (2) the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and (3) less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e).

¶ 21     Defendant does not challenge the trial court's finding that the State met its burden of proof to detain. Rather, Rule 604(h) memorandum asserts that detention was improper where defendant had already been released and the detention hearing was not held within 48 hours of the State's petition. Citing section 110-6.1(c)(2) of the Code (725 ILCS 5/110-6.1(c)(2) (West 2024)), defendant argues that the trial court was required to hold a hearing immediately unless a

6

continuance was requested. He further argues that the parties did not discuss the impact of defendant's pretrial release prior to the detention hearing and that section 110-6(a) (*id.* § 110-6(a)) clearly allows for revocation of pretrial release only if defendant was charged with a new felony or Class A misdemeanor. He contends that he was not charged with other offenses and the State did not file a petition to revoke his pretrial release. Defendant alternatively argues that to the extent this court finds any issue forfeited, we should review the issue under the plain-error standard of review or as an ineffective assistance of counsel claim.

¶ 22    Defendant ignores the impact of his failure to raise the issues on appeal in his motion for relief. As a prerequisite to appealing the trial court's detention order, Illinois Supreme Court Rule 604(h) requires a defendant to file a written motion for relief. Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). The written motion must request "the same relief to be sought on appeal and the grounds for such relief," and any issues not raised in the motion results in waiver of the issue on appeal. *Id.*

¶ 23    It was not until the hearing on his motion for relief that defendant first argued that the detention hearing was improperly held after his release and more than 48 hours after his first appearance. These arguments were not in the motion itself. As noted above, Rule 604(h) requires a written motion containing the reasons for the same relief to be sought on appeal. *Id.* The rule further states that such motion "will serve as the argument of the appellant on appeal." Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). Although a motion for relief could be supplemented by a Rule 604(h)(7) memorandum on appeal, "Rule 604(h) is clear that a prerequisite to a defendant appealing an order denying pretrial release is that all grounds for relief sought to be raised on appeal must be included in a written motion." *People v. Wills*, 2025 IL App (4th) 250340-U, ¶ 34. We acknowledge defendant represented himself at the time of the motion for relief, but a *pro se*

defendant is held to the same standard as a practicing attorney. *People v. Wright*, 2017 IL 119561, ¶ 84.

¶ 24    Some caselaw has interpreted the term "waiver" to mean "forfeiture" when the rule concerns the failure to raise an issue. *People v. Sophanavong*, 2020 IL 124337, ¶ 22 n.1 (abrogated by *People v. Ratliff*, 2024 IL 129356, ¶ 22 n.2) (despite Rule 604(d)'s use of the term "waiver," the court stated the failure to raise an issue in a post-plea motion was more properly termed forfeiture than a waiver); *People v. Hammons*, 2018 IL App (4th) 160385, ¶ 12; *People v. Drew*, 2024 IL App (5th) 240697, ¶ 23 n.2. Waiver is the intentional relinquishment of a right, and forfeiture is the untimely assertion of a right. *People v. Lesley*, 2018 IL 122100, ¶¶ 36-37. However, the Illinois Supreme Court has recently made clear that the use of "waiver" in its rules means waiver and not forfeiture. *Ratliff*, 2024 IL 129356, ¶ 26. While *Ratliff* concerned the use of the term "wavier" in Rule 604(d) concerning appeals of guilty pleas and this case concerns Rule 604(h), we find *Ratliff* applicable here where both subsections of Rule 604 use the term "waiver." See Ill. S. Ct. R. 604(d), (h)(2) (eff. Apr. 15, 2024). As such, defendant not only forfeited the issues asserted on appeal by failing to object at the time of the errors (see *People v. Cooper*, 2025 IL 130946, ¶ 21), he waived the issues by failing to raise them in his motion for relief. *People v. Wills*, 2025 IL App (4th) 250340-U, ¶ 34; *People v. Pitts*, 2025 IL App (1st) 242107-U, ¶ 11; *People v. Perez*, 2025 IL App (2d) 240752-U, ¶ 22.

¶ 25    Plain-error review is not applicable to waived issues. *Ratliff*, 2024 IL 129356, ¶ 22 (citing *People v. Townsell*, 209 Ill. 2d 543, 545 (2004)). Defendant's plain-error argument therefore fails.

¶ 26    Defendant's ineffective assistance claim also fails where he cannot establish the necessary prejudice. To establish ineffective assistance of counsel, defendant must meet the *Strickland* (*Strickland v. Washington*, 466 U.S. 668 (1984)) standard and show "both (1) that his attorney's

8

actions constituted errors so serious as to fall below an objective standard of reasonableness and (2) that counsel's deficient performance prejudiced defendant." *People v. Yankaway*, 2025 IL 130207, ¶ 61. "The failure to satisfy either prong of the *Strickland* test precludes a finding of ineffective assistance of counsel." *Id.* ¶ 62.

¶ 27 This court has held that at this stage of proceedings, a defendant cannot show prejudice from counsel's actions regarding his pretrial release. We explained, "defendant cannot show a reasonable probability that the result of the criminal process would have been different because no plea deal is at issue and defendant's trial has not been held." *Drew*, 2024 IL App (5th) 240697, ¶ 37; see *People v. Nettles*, 2024 IL App (4th) 240962, ¶ 25 ("It is difficult to discern how a defendant could establish that he has been prejudiced by his attorney 'dropping the ball' when the ball is still in the air."). Accordingly, under the circumstances of this case, defendant cannot show counsel provided ineffective assistance.

¶ 28                                 III. CONCLUSION

¶ 29 Defendant waived the issues on appeal by failing to raise them in his motion for relief and cannot establish the prejudice required for his ineffective assistance of counsel claim. Accordingly, we affirm the trial court's denial of defendant's motion for relief.

¶ 30 Affirmed.