NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250752-U

NO. 4-25-0752

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 22, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| DEANDRE T. SHEPARD, | ) | No. 25CF154 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Doherty and Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court affirmed, finding the trial court did not err in denying
defendant pretrial release.

¶ 2     Defendant, Deandre T. Shepard, appeals the trial court's order denying him

pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725

ILCS 5/art. 110 (West 2024)), commonly known as the Pretrial Fairness Act. On appeal,

defendant argues (1) the State's detention petition was untimely and (2) the State failed to prove

he posed a real and present threat to the safety of the community and no combination of

conditions could mitigate that threat. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4     The State charged defendant with unlawful possession of a weapon by a felon

(UPWF) (720 ILCS 5/24-1.1(a) (West 2024)), alleging that on June 6, 2025, defendant

knowingly possessed a weapon and was previously convicted of felony home invasion. According to the file stamp, the charging document was filed on June 9, 2025. However, the document was "[s]ubscribed and sworn to *** this 6 day of June 2025."

¶ 5        The State filed a petition seeking to deny defendant pretrial release, arguing the proof was evident and presumption great that defendant committed an offense listed in section 110-6.1(a) of the Code (725 ILCS 5/110-6.1(a) (West 2024)) and posed a real and present threat to the safety of any person, persons, or the community. The petition was file stamped June 9, 2025, but the handwritten date and the bottom of the petition reads "6/7/25," indicating it was completed and submitted on June 7, 2025.

¶ 6        The supplemental record contains a transcript of a hearing conducted on June 7, 2025, which the trial court described as "a weekend appearance hearing to determine whether probable cause exists." The court specified, "This is not a formal first appearance hearing under the Pretrial Fairness Act." During the hearing, the court found probable cause existed that defendant committed UPWF. The court asserted, "I've also been presented with a verified petition to detain indicating to the Court that the State seeks to detain [defendant] and go to a hearing under the Pretrial Fairness Act at the Court's first availability." The court set defendant's "formal first appearance hearing" for Monday, June 9, 2025.

¶ 7        At the detention hearing, the State proffered that on June 6, 2025, Steven Tutoky of the Illinois State Police conducted a traffic stop of a vehicle driven by defendant, which was traveling at 94 miles per hour in a 55-mile-per-hour construction zone. As Tutoky spoke to defendant, he smelled "the strong odor of raw cannabis coming from inside the vehicle," and he observed a small amount of cannabis in the center console. Tutoky conducted a probable cause search of the vehicle, during which he found "a Lipstick Defense Series Taser," as well as

"multiple boxes of flashlight Tasers, lipstick Tasers, [B]eats, headphones, AirPods and other electronics." Tutoky found a small bag of cannabis in defendant's duffel bag and several more boxes of electronics in the vehicle's trunk. Tutoky discovered 62 Tasers in total. Defendant had been previously convicted of felony home invasion in Michigan.

¶ 8　　　　According to the pretrial investigation report, defendant lived in Missouri, but his two children lived in Michigan, and he "travels there frequently to see them." Defendant described himself as a self-employed wholesale distributor. When contacted by the pretrial services officer, defendant's mother indicated "she is aware of the job [defendant] has selling tasers and [his family has] encouraged him to get a regular 9-5 job to help support himself and his children." According to the Virginia Pretrial Risk Assessment Instrument-Revised (VPRAI-R), defendant scored a 5 out of 14, which qualified him as a level 3 risk to reoffend, with level 6 being the highest risk. The report showed defendant's criminal history dated back to 2012, with convictions in Georgia, Michigan, and Missouri. In Michigan, defendant had been convicted of, *inter alia*, domestic violence, home invasion, attempted home invasion, resisting a police officer, malicious destruction of a building, and possession or sale of a Taser. Defendant also had a pending case in Missouri, which involved a charge of receiving stolen property.

¶ 9　　　　The State argued the trial court should deny defendant pretrial release because he was charged with a qualifying offense, namely UPWF, defendant was the driver and sole occupant of a vehicle containing numerous items that his status as a felon prohibited him from possessing, and its proffer indicated he was "doing illegal activities with a large amount of weapons." Based on the nature and circumstances of the charged offense, defendant's criminal history, which included multiple violent offenses, and the fact that defendant had a pending case in another state when he was charged here, the State argued defendant threatened the

community's safety. The State argued no pretrial conditions could mitigate the threat defendant presented because defendant did not live locally and conditions such as check-in phone calls and GPS monitoring could not prevent him from continuing to illegally possess large quantities of weapons.

¶ 10    Defense counsel argued the charged offense did not involve violence because defendant "was simply driving with the Tasers in his car." Counsel asserted defendant's VPRAI-R score was "fairly low," he was transporting the items because it was his job as a wholesale distributor, and he was willing to comply with any pretrial conditions the trial court might impose, including GPS monitoring and home confinement. According to counsel, defendant was willing to turn over any weapons in his possession. Defendant, speaking on his own behalf, reiterated, "This is what I do for work," and he claimed that he "never had any problems with the law." Defendant insisted:

> "I haven't been a threat to anyone, and I guess crossing through state lines of Illinois I guess the laws have changed. I sincerely apologize. I have no intentions on doing anything harmful to anyone. I'm just running a business; and I have, and I can provide receipts for every product *** that was in my possession; and they were legally bought."

¶ 11    The trial court granted the petition to deny pretrial release, finding the State proved by clear and convincing evidence defendant committed a detainable offense, posed a real and present threat to the safety of the community, and no release conditions could mitigate that threat. The court found, based on the State's proffer and defendant's statements, the proof was evident or presumption great defendant committed the detainable offense of UPWF because he possessed Tasers and had been previously convicted of a felony. The court noted UPWF was a

Class 2 felony and described it as "a very serious offense." Based on the State's proffer and defendant's statements, the court found the evidence indicating defendant committed the charged offense was strong. The court emphasized defendant had a pending case in Missouri when the charged offense occurred. His criminal history included multiple felonies, violent offenses, and convictions in three different states. The court did not believe defendant would comply with pretrial release conditions because "he has not shown that with respect to his prior criminal history as well as the cases that he has pending at this time."

¶ 12     On June 26, 2025, defendant filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024), arguing less-restrictive conditions would avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case. Notably, defendant did not argue the State's detention petition was untimely. Instead, defendant raises that argument for the first time on appeal. The trial court denied the motion after a hearing.

¶ 13     This appeal followed.

¶ 14                    II. ANALYSIS

¶ 15     On appeal, defendant argues (1) the State's detention petition was untimely and (2) the trial court erred in finding he posed a real and present threat to the community and no condition or combination of conditions could mitigate that threat. We disagree.

¶ 16                    A. Standard of Review

¶ 17     Under section 110-6.1(e) of the Code (725 ILCS 5/110-6.1(e) (West 2024)), it is presumed all criminal defendants are entitled to pretrial release. The State may seek a defendant's pretrial detention if he is charged with a detainable offense as enumerated in the Code and, after a hearing, the trial court finds his release would present "a real and present threat

- 5 -

to the safety of any person or persons or the community, based on the specific articulable facts of the case," or he "has a high likelihood of willful flight to avoid prosecution." 725 ILCS 5/110-6.1(a)(1), (8) (West 2024). The State bears the burden of proving "by clear and convincing evidence that any condition of [pretrial] release is necessary." 725 ILCS 5/110-2(b) (West 2024). When the parties proceed solely by proffer during a detention hearing, we review *de novo* the trial court's determination. *People v. Morgan*, 2025 IL 130626, ¶ 54. Where live witness testimony is presented during a detention hearing, the court's determination will not be disturbed on review unless it is against the manifest weight of the evidence. *Morgan*, 2025 IL 130626, ¶ 54.

¶ 18                                    B. Waiver

¶ 19            Defendant argues the State's detention petition was untimely because it was not filed before his first appearance before a judge on June 7, 2025. Defendant did not include this issue in his motion for relief, and he raises it for the first time on appeal. Rule 604(h)(2) provides, "Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). Defendant acknowledges he did not raise this issue earlier and argues defense counsel provided ineffective assistance by not including it in his motion for relief. Alternatively, defendant urges us to consider his argument's merits via a plain error analysis. However, in *People v. Nettles*, 2024 IL App (4th) 240962, ¶¶ 24-36, this court rejected similar efforts to gain appellate review of waived claims not raised in a motion for relief, finding neither ineffective assistance nor plain error was applicable. Following *Nettles*, we decline to review defendant's argument regarding the State's detention petition's alleged untimeliness, as defendant waived the issue by not including it in his Rule 604(h)(2) motion for relief. See

*Nettles*, 2024 IL App (4th) 240962, ¶¶ 25-26, 34.

¶ 20                    C. Dangerousness and Pretrial Release Conditions

¶ 21           Defendant also argues the State failed to prove by clear and convincing evidence he presented a threat to the community's safety and no conditions or combination of conditions could mitigate that threat. Specifically, defendant asserts his job involved selling Tasers, he did not realize he was prohibited from possessing Tasers in Illinois, and no evidence was presented showing he harmed or threatened to harm anyone with a Taser. Defendant insists he would comply with pretrial release conditions, and he suggests the court could have imposed a condition preventing him from possessing Tasers. However, the record shows the court considered the appropriate factors before determining no pretrial release conditions would mitigate defendant's dangerousness to the community. We agree with the court's assessment.

¶ 22           In reaching its conclusion, the trial court noted defendant had a pending case in Missouri when he was charged in the instant case, which indicates defendant "was on probation, parole or other release pending trial, sentencing[,] appeal[,] or completion of any other sentence." The court observed UPWF was a Class 2 felony and "a very serious offense." Defendant's criminal history contained multiple felonies and violent convictions, including home invasion and domestic violence. While defendant claims he came into possession of the items in his vehicle through legal means, his pending case in Missouri involved a charge of receiving stolen property. Defendant had also been convicted of possessing or selling a Taser in Michigan in 2018, which brings the legitimacy of his professional endeavors into question and directly rebuts his insistence he "never had any problems with the law." The record shows defendant lived in Missouri, he had children in Michigan whom he purportedly visited regularly, and his criminal activity spanned three different states. Considering the nature and circumstances of the

charged offense, the weight of the evidence against defendant, his criminal history, which included multiple felonies, violent offenses, and convictions in three different states, and a pending case in Missouri when he was charged in the instant case, the court did not err in finding the State proved by clear and convincing evidence that no condition short of detention could mitigate the threat defendant posed. See 725 ILCS 5/110-5(a)(1)-(5) (West 2024).

¶ 23                                    III. CONCLUSION

¶ 24           For the foregoing reasons, we affirm the trial court's judgment.

¶ 25           Affirmed.