NOTICE
Decision filed 12/19/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250760-U

NO. 5-25-0760

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 25-CF-201 |
| | ) | |
| MASON PRICHARD, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's orders granting the State's verified petition to deny pretrial release and denying defendant's motion for relief are affirmed.

¶ 2    Defendant, Mason Prichard, appeals from the Jefferson County circuit court's September 16, 2025, order denying his motion for relief and immediate release and the court's September 9, 2025, order granting the State's petition to deny him pretrial release. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On September 8, 2025, the State charged defendant by information with aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2024)), a Class 1 felony, alleging that on September 5, 2025, defendant knowingly discharged a firearm in the direction of a vehicle he knew

1

or should have known to be occupied by a person. Also on September 8, 2025, the State filed a verified petition to deny the defendant pretrial release, alleging that he was charged with a qualifying offense and that his pretrial release would pose a real and present threat to the safety of any person or persons of the community.

¶ 5    On September 9, 2025, the circuit court held a hearing on the State's verified petition. At the hearing, the State proffered that Illinois State Police (ISP) Trooper Jordan McMillan, along with other members of the Jefferson County Sheriff's Office and ISP, were dispatched to a shooting that occurred on Interstate 57 northbound near mile post 93. Trooper McMillan, along with other officers, learned that the suspect vehicle was a 2025 maroon Toyota Sienna with Indiana registration. Officers located the suspect vehicle in the area of Illinois Route 142 and Hamilton County Road 2350. Three occupants were in the vehicle, including defendant, who was the driver. The other two occupants were Cody Williams and Jasmine Stewart. All occupants of the vehicle were detained and transported to the sheriff's office. The alleged victims of the shooting were identified as Barry and Amy Mayo. The Mayos provided statements to police that indicated the driver of the maroon Sienna "was hanging out of the maroon Sienna and discharging a firearm at their direction." The Mayos described the shooter "as a white male, possibly Hispanic, with long hair." The Mayos further indicated that a gunshot hit their vehicle, and officers observed bullet holes in the Mayo's vehicle.

¶ 6    The State further proffered that an officer from the ISP and an officer from the Jefferson County Sheriff's Office interviewed defendant. Defendant advised that he drove to Texas the day before to pick up Williams and Stewart and return them to his home in Muncie, Indiana. Defendant advised that, although he had a few hours of sleep, he was very tired while driving. Officers were under the impression that defendant was "in a hurry to get back to Indiana." Defendant claimed

2

that he was on the autism spectrum. Defendant advised that his young son was also on the autism spectrum. Defendant further claimed that at some point on Interstate 57 near a construction zone, his vehicle was cut off by a light blue car. Defendant claimed the vehicle cut in front of him multiple times and slammed on its brakes. Defendant "stated that he utilized his Glock 9mm handgun to shoot at that car multiple times." Defendant claimed "he shot in an attempt to shoot out the tires." Defendant estimated that he was traveling at approximately 70 miles per hour when this occurred. Officers from the ISP also interviewed Williams and Stewart, both of whom confirmed that defendant fired a handgun at another vehicle. In addition to the 9-millimeter handgun, officers located a .45 caliber handgun in a diaper bag located in the car seat affixed to defendant's vehicle. Officers also located bullet casings on Interstate 57 near mile post 90, along with a spent projectile located in the tire of the Mayo's vehicle.

¶ 7    The State argued that defendant should be denied pretrial release, as "[a] message needs to be sent that this is not tolerable behavior, that this is not permitted behavior." The State noted that defendant confessed to firing a handgun at the Mayo's vehicle, and that the Mayos were upset by the shooting that left bullet holes in the vehicle. The State further noted that defendant had no ties to the community, given that he resided in Muncie, Indiana. As such, the State posited that defendant's "likelihood of flight is high, and his likelihood of appearing for all future court dates is low." The State, acknowledging defendant's lack of criminal history, further asserted that, "given [defendant's] brazen act and given the audacity of the criminal behavior that he's engaged in, the State takes the position that [defendant] should be denied pretrial release in spite of that lack of criminal history." The State concluded by asserting that "to protect the public, specifically [the Mayos], to insure that [defendant] appears for all future court dates, to protect [defendant's]

3

occupants who have given the statements that are not favorable to [defendant] the State is seeking pretrial detention in this case."

¶ 8    Defense counsel argued that 23-year-old defendant "was just traveling through this county" and "has no criminal history." Defense counsel asserted that defendant has "never been sentenced to a penitentiary and has no record of failure to appear at court proceedings." Defense counsel asserted that defendant "is not an addict or alcoholic" but that "nicotine and THC are the only substances he participates in." Defense counsel asserted that defendant was willing to submit to any condition for release, including electronic monitoring and house arrest in Indiana.

¶ 9    In response, the State objected to defense counsel's request for home confinement. The State noted that Muncie, Indiana was "five hours away, if not much longer than that." The State did not believe defendant had the ability to abide by pretrial conditions "from such a far distance away." The State concluded by highlighting defendant's minimal ties to the community, the nature of the case, the severity of the charges, and the need to protect the Mayos.

¶ 10    After considering the parties' arguments, the circuit court noted that defendant lacked a criminal history and that his actions did not cause any physical injuries. The court noted, however, that the Mayos suffered a "traumatic experience" as a result of defendant's actions. The court further noted that "this involved gunfire over, I guess, road rage, but anger presumably, and what everyone fears these days is someone getting mad and having—firing a gun at them from a car." The court further stated that "a person has no business whatsoever in having guns in the vehicle." The court also noted that the State had a high probability of succeeding at trial, given the evidence against defendant. The court additionally noted that defendant had "no ties to this community" and was "just passing through" when he decided "to shoot at another car." After noting that defendant engaged in "incredibly reckless behavior with a lethal weapon" that caused property damage to a

4

vehicle, the court found that the case "presents a problem that this is an issue to protect the public and the alleged victims and the two occupants of your vehicle who have made statements against you or at least not in your interest." The court went on to state:

"So considering all of that and considering the fact that you live far away from here, and I think that means that there's really no condition or combination of conditions that would assure that you would appear in court when you are supposed to or that you would abide by the rules of a pretrial condition which would—conditions order. One of the big ones is that you not violate the law, and this is not behavior that gives the Court a lot of confidence in that."

Thus, the court granted the State's verified petition to deny defendant pretrial release.

¶ 11    Also on September 9, 2025, the circuit court entered a written detention order finding as follows: that the proof was evident and the presumption great that defendant committed a qualifying offense; that defendant posed a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case; and that no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons. The court also found that the State proved, by clear and convincing evidence, that the proof was evident or the presumption great that defendant committed a qualifying offense, that defendant posed a real and present threat of willful flight, and that no condition or combination of conditions could mitigate the real and present threat of defendant's flight. In support, the court noted that defendant lacked ties to Jefferson County and that detention was necessary to "insure appearance at all further court dates and to insure compliance with the law pending trial."

¶ 12    On the same date, defendant filed a motion for relief and immediate pretrial release. Defendant alleged that the circuit court erred by granting the State's petition to deny pretrial

5

release, where the State failed to meet its burden of proving that defendant posed a real and present threat and that no condition or combination of conditions could mitigate the threat defendant posed. Defendant further alleged that the court failed to consider defendant's lack of criminal history, defendant's willingness to abide by any terms of pretrial release, and that no persons were injured in the commission of the alleged offense.

¶ 13    On September 16, 2025, the circuit court held a hearing on defendant's motion for relief and immediate release. Defense counsel argued that defendant had no criminal history, did not drink or do drugs, and "[n]o one was injured in the alleged event that brought him into custody of Jefferson County authorities." Defense counsel further noted that pretrial services confirmed it had the ability to place defendant "on home confinement and electronic monitoring in another state" and requested that "defendant be released to his home in Muncie, Indiana so that he can take care of his mother and his special needs son under electronic monitoring and home confinement." The State reiterated the arguments it previously made at the detention hearing. After considering the parties' arguments, the court denied defendant's motion for relief and immediate release.

¶ 14    Also on September 16, 2025, defendant filed a timely notice of appeal from the circuit court's September 9, 2025, order granting the State's petition to detain and the court's September 16, 2025, order denying his motion for relief and immediate release. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal. OSAD filed a memorandum pursuant to Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024) on behalf of defendant.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, defendant argues that the circuit court erred by "finding that any threat [defendant] posed could not be mitigated by conditions of pretrial release, where the charged

6

offense is a road rage incident, [defendant] has no prior convictions, and he can be reliably kept from long drives unnecessary for the present case."

¶ 17    Pretrial release—including the conditions related thereto—is governed by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). A defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2024). Upon filing a timely, verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* §§ 110-6.1(e), (f). The State or the defendant may present evidence to the trial court by way of proffer based upon reliable information. *Id.* § 110-6.1(f)(2). The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and the trial court concludes the defendant poses a real and present threat to the safety of any person or the community (*id.* § 110-6.1(a)(1)-(7)) or there is a high likelihood of willful flight to avoid prosecution (*id.* § 110-6.1(a)(8)).

¶ 18    Our standard of review of pretrial release determinations is twofold. Where the trial court is asked to consider the testimony of live witnesses, and make factual findings, such as the State's burden of presenting clear and convincing evidence that conditions of pretrial release would not protect any person or the community, the defendant has a high likelihood of willful flight to avoid prosecution, or the defendant failed to comply with previously ordered conditions of pretrial

7

release, our standard of review is the manifest weight of the evidence. *People v. Morgan*, 2025 IL 130626, ¶ 54. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). Alternatively, where the parties to a pretrial detention hearing proceed solely by proffer or submission of documentary evidence, this court stands in the same position as the trial court and may conduct its own independent review of the proffered evidence, thus reviewing the record *de novo*. *Morgan*, 2025 IL 130626, ¶ 54. In the present matter, the State proceeded solely by proffer, so we will employ the *de novo* standard of review.

¶ 19    A defendant may be denied pretrial release only in certain limited situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2024). After filing a verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that (1) the defendant has committed a qualifying offense, (2) the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and (3) less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* §§ 110-6.1(e), (f).

¶ 20    Once a court determines that the defendant poses a threat to the safety of any individual or the community, the trial court must determine whether the State has met its burden by clear and convincing evidence, what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5(a). In reaching its determination, the trial court must consider (1) the nature and circumstances

8

of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person;[1] (4) the nature and seriousness of the specific, real, and present threat to any person that would be posed by the person's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.* The statute lists no singular factor as dispositive. See *id.* The nature and circumstances of the underlying offense is "just one factor to consider in determining whether the threat posed can be mitigated by conditions of release." *People v. Lopez*, 2025 IL App (2d) 240709, ¶ 19.

¶ 21   In applying *de novo* review to the facts of the present case, we agree with the circuit court's conclusion that the State met its burden of proving by clear and convincing evidence that defendant posed "a real and present threat to the safety of any person or persons or the community." 725 ILCS 5/110-6.1(g). The nature and circumstances of the charged offense were serious—in that defendant, a resident of Indiana, experienced "road rage" and fired a gun at an occupied vehicle while traveling on a busy interstate highway in Illinois. Although defendant's alleged conduct did not cause any physical injuries, his actions demonstrated a reckless disregard for the safety of not only the occupants of the vehicle he fired shots at, but many members of the public who utilize the interstate highway for travel. The State's proffer demonstrated that defendant admitted he became angry when the vehicle cut him off on the interstate, which caused him to shoot at the tires of the vehicle. Although defendant lacked a criminal history, his behavior demonstrates that he is an unpredictable, and dangerous, person on public roadways. Moreover, defendant has no community

---

[1]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2024).

ties to Jefferson County, given that he resides in Muncie, Indiana. Defendant was merely passing through Jefferson County on his way to Indiana when the shooting occurred. After considering the statutory factors, we conclude that the State proved by clear and convincing evidence that defendant posed a real and present threat to the safety of any person or persons or the community.

¶ 22 We also agree with the circuit court's conclusion that the threat defendant posed could not be mitigated by conditions of pretrial release. Defendant maintains that home confinement and electronic monitoring would prevent him from unnecessary highway driving. However, placing defendant on home confinement would require him to drive to and from court proceedings in Illinois. Defendant would be required to travel the highway—likely some portions of the same interstate highway involved in the present case—approximately five hours to court in Illinois and five hours to return home from court. It is clear that defendant would be traveling the interstate highway under the stress of his impending criminal case. Thus, we conclude that the State's proffer demonstrated by clear and convincing evidence that no condition or combination of conditions could mitigate the threat defendant posed to any person or persons, or the community. Therefore, we find that the circuit court did not err by ordering defendant detained.

¶ 23 Defendant also maintains that three additional matters warrant consideration in the present case. First, defendant asserts that the circuit court's holding cannot be affirmed on the ground that he presented an unmitigable high likelihood of willful flight from prosecution, where the State failed to include this claim in its petition to deny him pretrial release. Second, defendant claims that the State's assertions at the hearings that the Mayos were "upset" over the incident were not relevant considerations at an initial pretrial detention hearing. Third, defendant maintains that the State's assertion that the Mayo's mental health would be harmed if defendant were released failed

10

to demonstrate how defendant would pose an ongoing threat to the Mayos when they had never met and if defendant were subject to home confinement five hours away in Indiana.

¶ 24 We note, however, that defendant failed to raise these specific issues in his motion for relief and immediate release. Rule 604(h)(2) states, "Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). The language in Rule 604(h)(2) is clear that we are to consider waived any arguments not advanced in the motion for relief. *People v. Nettles*, 2024 IL App (4th) 240962, ¶ 33. Allowing parties to raise an issue for the first time on appeal would "allow a party to circumvent the rules and ignore the importance of first placing the argument before the trial court." *People v. Drew*, 2024 IL App (5th) 240697, ¶ 44. Because defendant did not raise these three specific arguments at the initial hearing or in the motion for relief and immediate release, we find the arguments waived.

¶ 25                                    III. CONCLUSION

¶ 26 For the foregoing reasons, we affirm the circuit court's September 9, 2025, and September 16, 2025, orders.


¶ 27 Affirmed.