# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Howard*, 2012 IL App (3d) 100925

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EVERETT L. HOWARD, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-10-0925 |
| Filed | May 29, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for aggravated domestic battery was reduced to aggravated battery due to the State's failure to establish that defendant and the victim were involved in a dating relationship. |
| Decision Under Review | Appeal from the Circuit Court of Knox County, No. 09-CF-393; the Hon. Stephen C. Mathers, Judge, presiding. |
| Judgment | Affirmed as modified. |

Counsel on
Appeal

Gabrielle Green, of State Appellate Defender's Office, of Ottawa, for appellant.

John T. Pepmeyer, State's Attorney, of Galesburg (Terry A. Mertel and Nadia L. Chaudhry, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.

Justice O'Brien concurred in the judgment and opinion.

Presiding Justice Schmidt dissented, with opinion.

## OPINION

¶ 1      Defendant, Everett L. Howard, was convicted of aggravated domestic battery (720 ILCS 5/12-3.3(a) (West 2008)), a Class 2 felony, and sentenced to 30 months' probation and 60 days in jail. He appeals his conviction, arguing that the evidence failed to establish that he was in a dating relationship with the victim and, therefore, his conviction should be reduced to aggravated battery (720 ILCS 5/12-4(a) (West 2008)), a Class 3 felony. We agree and reduce defendant's conviction from aggravated domestic battery to aggravated battery.

¶ 2                                          FACTS

¶ 3      Defendant was charged with aggravated domestic battery (720 ILCS 5/12-3.3(a) (West 2008)), unlawful restraint (720 ILCS 5/10-3(a) (West 2008)), and domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2008)). The cause proceeded to a bench trial.

¶ 4      At trial, the victim testified that on the night of the incident she met up with defendant and other friends at a local bar. While there, she agreed to meet defendant at his residence after they left the bar separately. At defendant's house, the victim and defendant had a couple beers and then engaged in sexual intercourse. When they were finished, defendant went to the bathroom, and when he returned to the bedroom, he was angry. He grabbed the victim by the hair and pulled her off the bed. After a failed attempt to defend herself, defendant got on top of the victim and struck her numerous times with a closed fist.

¶ 5      Both the victim and defendant testified regarding the status of their relationship. When asked if they were in a dating relationship, both stated that they were not; however, they had had around 15 sexual encounters beginning approximately a year and a half before the incident. The victim stated that their relationship was strictly sexual in nature. Defendant considered the relationship to be a series of "one-night stands" and stated that he had never bought the victim flowers. The two had never spent an entire night together and did not spend much time in each other's company outside the presence of their group of friends.

¶ 6    The trial court found defendant guilty of aggravated domestic battery after concluding that he and the victim were in a dating relationship. Defendant was sentenced to 30 months' probation and 60 days' incarceration. Defendant appeals.

¶ 7                                    ANALYSIS

¶ 8    Defendant argues that the evidence at trial failed to establish that he was in a dating relationship with the victim. When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry defendant; rather, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237 (1985). A conviction will only be overturned where the evidence is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of defendant's guilt. *People v. Smith*, 185 Ill. 2d 532 (1999).

¶ 9    In order to be convicted of domestic battery, the State must prove that the accused and the victim were family or household members. 720 ILCS 5/12-3.2(a)(1) (West 2008). Family or household members include persons who have or have had a dating or engagement relationship. 725 ILCS 5/112A-3(3) (West 2008). Here, the State attempted to prove that defendant and the victim had a dating relationship.

¶ 10   At trial, evidence established that defendant and the victim had numerous sexual encounters; however, it is not enough to show that defendant and the victim had an intimate relationship. The State must show that they had a dating relationship. *People v. Young*, 362 Ill. App. 3d 843 (2005). The Second District has defined a dating relationship to mean serious courtship, which must be, at a minimum, an established relationship with a significant romantic focus. *Id.* While defendant and the victim clearly had an established relationship, we do not find that their relationship had a romantic focus. Both defendant and the victim testified that they were not dating and defendant stated that he never bought the victim flowers. Defendant and the victim were not exclusive, and the relationship did not contain any sort of shared expectation of growth. Rather, defendant and the victim engaged in random sexual encounters which were physical in nature, not romantic.

¶ 11   Based on the evidence, we find that the State did not establish a dating relationship and defendant cannot be convicted of the Class 2 felony of aggravated domestic battery. Thus, we reduce defendant's conviction to the Class 3 felony of aggravated battery. While we reduce defendant's conviction, we believe that the sentence imposed by the trial court is appropriate for the Class 3 felony of aggravated battery. See Ill. S. Ct. R. 615(b); 730 ILCS 5/5-4.5-40(d) (West 2008). Therefore, we allow defendant's sentence to stand.

¶ 12                                  CONCLUSION

¶ 13   The judgment of the circuit court of Knox County is affirmed as modified.

¶ 14   Affirmed as modified.

¶ 15        PRESIDING JUSTICE SCHMIDT, dissenting:

¶ 16        The issue before us, as the majority concedes (*supra* ¶ 9), is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the defendant and his victim have or have had a dating relationship. *People v. Collins*, 106 Ill. 2d 237 (1985); 725 ILCS 5/112A-3(3) (West 2008).

¶ 17        The victim testified that sometime after meeting defendant through friends, her relationship with him evolved into more than just friends, although she testified she was "not really" dating defendant. Nonetheless, there is evidence that defendant and his victim "hung out" together, drank together, played pool together, talked on the phone and spent time at each other's homes. They had sexual relations approximately 15 times, including the night of the incident. This relationship was not the "intimate friendship and intimate working relationship" referred to in *People v. Young*, 362 Ill. App. 3d 843, 851 (2005).

¶ 18        I am troubled by the majority's apparent requirement that a dating relationship for purposes of section 112A-3(3) (725 ILCS 5/112A-3(3) (West 2008)) must include a "*shared* expectation of growth." (Emphasis added.) *Supra* ¶ 10. I do not want to even guess what percentage of domestic relationships that requirement would exclude from coverage. It would seem that very often in a relationship expectations of growth are not mutual. Also, the majority finds it significant that defendant never sent flowers to the victim. *Supra* ¶ 10. Well, there goes at least another 80% of the relationships! Under the statute, the victim and the accused must simply have or have had a dating relationship. Because I believe reasonable people could find, based on the evidence presented, that this is or was a dating relationship regardless of what the participants called it, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. With all due respect, I submit that the majority has improperly engaged in a reweighing of the evidence.

¶ 19        I would affirm the trial court. Therefore, I respectfully dissent