NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251269-U

NO. 4-25-1269

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 25, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| MICHAEL L. RUFFIN, | ) | No. 25CF263 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed the trial court's order denying defendant pretrial release, holding (1) defendant waived his claim that the State failed to prove a qualifying relationship for domestic battery by not raising it in his motion for relief but, notwithstanding waiver, the State proved by clear and convincing evidence defendant committed a detainable offense and (2) the State proved by clear and convincing evidence there were no less-restrictive means other than pretrial detention to mitigate the threat posed by defendant to the victim and others.

¶ 2    Defendant, Michael L. Ruffin, appeals the trial court's order denying his pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art.110 (West 2024)). Defendant argues the trial court erred in finding the State proved by clear and convincing evidence (1) he committed a detainable offense and (2) no condition or combination of conditions would mitigate the threat he posed to the victim or the community. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          On October 23, 2025, defendant was charged by information with one count of domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2024)), one count of aggravated battery (*id.* § 12-3.05(d)(2)), and one count of obstructing a peace officer (*id.* § 31-1(a)) for an incident that occurred between defendant and the victim, Ashley Brown. On the same day, the State filed a verified petition to deny defendant pretrial release, alleging the proof was evident and presumption great defendant committed a detainable offense, domestic battery, and his pretrial release posed a real and present threat to the safety of others. See 725 ILCS 5/110-6.1(a)(4) (West 2024).

¶ 5          A pretrial investigation report was filed, which provided defendant lives in Bloomington, Illinois, with his brother, where he had resided for five months. Defendant has three children. One son lives with his mother, but defendant sees him often. The other two children are currently in the care of the Illinois Department of Children and Family Services, but defendant wants to seek custody. At the time of the offense, defendant was employed full-time, and he relies on that income to provide financially for himself and his children. The report indicated defendant was not currently in a relationship with Brown and he would have no problem refraining from contacting her. Defendant's criminal history includes 26 criminal convictions, 5 of which were felonies. At the time of the instant offense, defendant was on mandatory supervised release (MSR) following sentences in the Illinois Department of Corrections for felony convictions in two separate cases. Those convictions were for domestic battery and unlawful restraint. Defendant scored 5 out of a possible 14 on the Virginia Pretrial Risk Assessment Instrument-Revised, which placed him at a risk level of 3 on a scale of 1 to 6. Defendant scored a 7+ out of a possible 13 on the Ontario Domestic Assault Risk Assessment

(ODARA). The ODARA predicts 74% of individuals with defendant's score will commit an act of domestic violence within five years.

¶ 6     At the hearing on the motion to detain, the State proffered the following facts in support of the information. On October 22, 2025, Brown contacted law enforcement while at County Market, stating defendant put his hands on her and grabbed her by the shirt multiple times, despite her yelling at him to let her go. During the call, an officer could hear Brown yelling, "[L]et me go," multiple times to defendant and defendant yelling at Brown. Brown fled from defendant and waited in the restroom for law enforcement officers. Brown and defendant both stated they had been in a sexual relationship, and Brown stated she and defendant had been in a relationship on and off for approximately one year. Defendant was aware Brown was currently pregnant. The State also presented a document entitled "[Office of Statewide Pretrial Services (OSPS)] Proffer Outline," detailing the pretrial services offered in Livingston County.

¶ 7     The State argued the proof was evident and presumption great that defendant committed the offense of domestic battery based upon the proffered facts. Defendant grabbed Brown several times and yelled at her, and defendant had made threats to Brown in the past. The State further argued defendant posed a real and present threat to Brown and other persons in the community. Defendant had a pattern of domestic abuse and was likely to reoffend, as evidenced by his prior convictions and his ODARA score. During the incident, defendant ran away from law enforcement officers, and officers had to use a Taser to effect defendant's arrest. Finally, the State argued there was no condition or combination of conditions that would mitigate the threat defendant posed. Defendant was on MSR at the time of the offense, so he was already being monitored by a state agency. Based upon defendant's criminal history, his conduct at the time of

his arrest, and his conduct while on MSR, he was unlikely to comply with any conditions of his release.

¶ 8       Defense counsel argued defendant did not pose a real and present threat to anyone's safety that could not be mitigated by conditions imposed by the trial court. The State did not allege defendant threatened or caused bodily harm to Brown or that there was a weapon involved. As defendant lived in a different city than Brown, electronic monitoring would be effective to ensure defendant would have no further contact with Brown. Then, defendant could maintain his employment and continue to support his children.

¶ 9       After hearing argument, the trial court granted the State's motion to deny defendant's pretrial release. The court determined the proof was evident and the presumption great that defendant committed a qualifying offense for which he was statutorily eligible for detention under the dangerousness standard. The court noted the offenses involved acts of violence, even though no bodily harm was alleged. It found Brown's allegations were corroborated by law enforcement officers. After considering the statutory factors, the court determined defendant should be denied pretrial release because he posed a real and present threat to the safety of Brown and other persons in the community and there were no pretrial conditions that would adequately mitigate this threat. In reaching that conclusion, the court noted defendant's lengthy criminal record, which included prior violent offenses, and the fact defendant was on MSR, specifically for domestic battery convictions, when he committed the instant offense. Although defendant lived in Bloomington, he had lengthy ties to Livingston County, as evidenced by his prior record. The court considered the condition of ordering additional supervision for defendant by OSPS, referring to the OSPS proffer outline indicating OSPS will meet with and supervise defendants on pretrial release as ordered by the court. The

court asked the State to clarify which office would supervise defendant, and the State informed the court it would be the OSPS office where defendant resided, in McLean County. The court expressed concern that OSPS would be limited to reporting any violations. Ultimately, the court concluded additional supervision by OSPS would not mitigate the threat, as defendant was already subject to MSR monitoring and conditions when he committed the instant crime. The court also considered imposing treatment conditions, such as anger management or domestic violence treatment, but it believed those conditions would not mitigate the threat. Lastly, the court considered placing defendant on home confinement or electronic monitoring. The court rejected that option because it did not believe such monitoring would mitigate the threat of defendant committing another crime, either against Brown or another victim.

¶ 10 On November 14, 2025, defendant filed an "[Illinois] Supreme Court Rule 604(h)(2) [(eff. Apr. 15, 2024)] Motion for Relief," arguing there were less-restrictive conditions that would avoid a real and present threat to the safety of others.. Defendant also argued the State failed to show he committed a detainable offense because there was no physical evidence to corroborate Brown's version of events. The trial court denied the motion.

¶ 11 This appeal followed.

¶ 12 II. ANALYSIS

¶ 13 On appeal, defendant argues the trial court erred in finding the State proved by clear and convincing evidence (1) the proof was evident or the presumption great defendant committed a detainable offense and (2) no condition or combination of conditions would mitigate the threat he posed to the community.

¶ 14 Under section 110-6.1(e) of the Code (725 ILCS 5/110-6.1(e) (West 2024)), it is presumed all criminal defendants are entitled to pretrial release. The State may petition to

overcome this presumption for a defendant charged with a detainable offense as enumerated in the statute. *Id.* § 110-6.1(a). The Code provisions applicable in this case required the State to prove by clear and convincing evidence (1) "the proof is evident or the presumption great that the defendant committed [a detainable] offense", (2) the defendant's release would pose "a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case", and (3) no condition or combination of conditions would mitigate that safety threat. *Id.* §§ 110-2(b), 110-6.1(a)(4), (e)(1)-(3). When the parties proceed by proffer at a pretrial detention hearing, as in this case, our review is *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 15                          A. Proof of a Detainable Offense

¶ 16           Defendant first contends the State failed to prove by clear and convincing evidence that the proof was evident or presumption great that he committed the offense of domestic battery because the State failed to prove defendant and Brown were in a qualifying relationship. It is undisputed that domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2024)) is a detainable offense. See 725 ILCS 5/110-6.1(a)(4) (West 2024). Conversely, a charge of aggravated battery based on the status of the victim, not resulting in great bodily harm or permanent disability or disfigurement, is not a detainable offense enumerated in the statute. See *id.* § 6.1(a).

¶ 17           As charged here, a defendant commits domestic battery when he knowingly, without legal justification, "[m]akes physical contact of an insulting or provoking nature with any family or household member." 720 ILCS 5/12-3.2(a)(2) (West 2024). The legislature has defined family or household members to

           "include spouses, former spouses, parents, children, stepchildren, and other

- 6 -

persons related by blood or by present or prior marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or allegedly share a blood relationship through a child, persons who have or have had a dating or engagement relationship, persons with disabilities and their personal assistants, and caregivers as defined in Section 12-4.4a of this Code [(720 ILCS 5/12-4.4a (West 2024))]. For purposes of this Article, neither a casual acquaintanceship nor ordinary fraternization between 2 individuals in business or social contexts shall be deemed to constitute a dating relationship." *Id.* § 12-0.1.

Defendant argues his relationship with Brown was only sexual in nature and the State failed to prove he and Brown were in a dating or engagement relationship. See *People v. Howard*, 2012 IL App (3d) 100925, ¶ 10 (holding that proof the defendant and victim had numerous sexual encounters was not sufficient to show a dating relationship).

¶ 18        The State argues defendant waived this argument by not raising it during the hearing on the petition to detain or in his motion for relief filed pursuant to Rule 604(h)(2). While defendant argued in his motion for relief the State failed to show he committed a detainable offense, his challenge was there was no physical evidence to corroborate Brown's version of events. Defendant never challenged the status of his relationship with Brown in the trial court. Notwithstanding the waiver, the State argues the court's decision is supported by the record.

¶ 19        Rule 604(h)(1)(iii) provides a defendant may appeal an order denying pretrial release. The rule further provides:

> "As a prerequisite to appeal, the party taking the appeal shall first present to the

trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief. The trial court shall promptly hear and decide the motion for relief. Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024).

¶ 20 Here, after being denied pretrial release, defendant filed his "Supreme Court Rule 604(h)(2) Motion for Relief." In that motion, defendant argued he was entitled to pretrial release because there were less-restrictive conditions that would mitigate any threat he posed to Brown or others. Defendant also asserted the State failed to present any physical evidence to corroborate Brown's version of events, so it failed to meet its burden of showing the proof was evident and presumption great that he committed a qualifying offense. Here, defendant adds a new assertion, specifically, the State failed to show he and Brown were in a qualifying relationship for purposes of a domestic battery charge. As this issue was not raised in defendant's motion for relief, it is waived. See *id.*; see also *People v. Nettles*, 2024 IL App (4th) 240962, ¶ 33 ("[T]he language in Rule 604(h)(2) is clear that we are to consider waived any arguments not advanced in the motion for relief.").

¶ 21 Even if we were to broadly construe defendant's motion for relief to include defendant's argument advanced on appeal, the trial court's conclusion the State met its burden of showing defendant committed a detainable offense is supported by the record. The State's proffer included Brown's statement she and defendant had been in a relationship on and off for approximately one year, in addition to statements by both Brown and defendant that they had been in a sexual relationship. The proffer provided clear and convincing evidence of a qualifying relationship, sufficient to meet the State's burden of showing defendant committed a detainable

offense. See 725 ILCS 5/110-6.1(f)(2) (West 2024) ("The State or defendant may present evidence at the hearing by way of proffer based upon reliable information."); see also *People v. Allen*, 2020 IL App (2d) 180473, ¶ 21 (holding a dating relationship for purposes of the domestic violence statute requires proof of an established relationship with a significant romantic focus but that can encompass relationships that are mainly sexual).

¶ 22                    B. Conditions of Release to Mitigate the Safety Threat

¶ 23          Defendant also argues the trial court erred in determining the State proved by clear and convincing evidence there existed no condition or combination of conditions to mitigate any safety threat defendant posed to any person or the community. We disagree.

¶ 24          As noted above, under the Code, it is presumed all criminal defendants are entitled to pretrial release on personal recognizance, subject to certain conditions. *People v. Popovich*, 2025 IL App (4th) 250196, ¶ 19. Thus, a finding of dangerousness alone does not automatically warrant pretrial detention. *Id.* "Instead, the trial court must determine, based on the specific facts of the case and the defendant's individual background and characteristics, whether any combination of conditions can mitigate the threat and allow the defendant's release." *People v. Atterberry*, 2023 IL App (4th) 231028, ¶ 18.

¶ 25          Section 110-5(a) of the Code (725 ILCS 5/110-5(a) (West 2024)) sets forth a nonexhaustive list of factors the trial court is to consider in determining which conditions of pretrial release, if any, will reasonably ensure the safety of others and the likelihood of a defendant's compliance with any conditions of pretrial release. Relevant here, the court is to consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the real and present threat to the safety of the community, based on the specific

articulable facts of the case, which would be posed by the defendant's release. *Id.* § 110-5(a)(1)-(4). Also, where, as here, a defendant is charged with domestic battery, the court may consider additional factors, including whether the defendant has a history of domestic violence and has been, or is, potentially a threat to any other person. *Id.* § 110-5(a)(6).

¶ 26      We find the trial court did not err in determining no condition or combination of conditions of pretrial release would mitigate the threat posed by defendant based on the specific, articulable facts of this case. The evidence presented by the State showed defendant had a history of felony convictions, which includes prior convictions for domestic battery and unlawful restraint. Defendant's ODARA score indicates he has a high likelihood of reoffending if given the opportunity. Defendant was already subject to MSR monitoring and conditions for prior convictions for domestic battery when he committed the instant crime. The court considered, and rejected, treatment conditions such as anger management or domestic violence treatment, believing those conditions would not adequately mitigate the threat. The court also considered and rejected placing defendant on home confinement or electronic monitoring, finding such monitoring would also not mitigate the threat of defendant committing another crime, either against Brown or another victim.

¶ 27      We acknowledge the trial court's expressed concern that OSPS could not meaningfully monitor defendant, and we reiterate "a court should not rule out pretrial release for a defendant based on a general perception that conditions of release are loosely monitored." *Atterberry*, 2023 IL App (4th) 231028, ¶ 18. However, despite any impact of that concern on the trial court's decision, based on the specific, articulable facts in this case, we agree the State proved by clear and convincing evidence that further reporting requirements, electronic monitoring, or other restrictions on defendant's movement or conduct would not be sufficient to

mitigate the threat to the safety of Brown or others. Thus, we affirm the trial court's decision that there exists no condition or combination of conditions that would adequately mitigate the threat posed by defendant's pretrial release in this case.

¶ 28                                    III. CONCLUSION

¶ 29            For the reasons stated, we affirm the trial court's judgment.

¶ 30            Affirmed.